IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01386-GPG-STV

ALLIANCE OF HEALTH CARE SHARING MINISTRIES,

    Plaintiff,

v.

COLORADO DIVISION OF INSURANCE;
and MICHAEL CONWAY, in his official capacity as
Commissioner of the Colorado Division of
Insurance,

    Defendants.

## DEFENDANTS' PARTIAL MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants Colorado Division of Insurance and Michael Conway, in his official capacity as Commissioner of Insurance[1], by and through undersigned counsel, the Office of the Attorney General, respectfully move to dismiss Plaintiff's Complaint [Doc. 1-1] against the Colorado Division of Insurance and Plaintiff's request for monetary relief against Defendants, as well as its demand for a jury trial.

---

[1] In its Complaint, Plaintiff names Michael Conway as the "Commissioner of the Colorado Division of Insurance"; however the correct statutory position that Michael Conway occupies is that of the Commissioner of Insurance. §§ 10-1-104, C.R.S. ("The Commissioner of insurance is the head of the division of insurance."); 10-1-102(5), C.R.S. ("'Commissioner' or 'insurance commissioner' means the Commissioner of Insurance.").

**D.C.COLO.LCivR 7.1(b)(2) CERTIFICATION**

In accordance with D.C.COLO.LCivR 7.1(b)(2) and Civ. Practice Standard 7.1B., undersigned counsel conferred with Plaintiff before filing this Motion, including in a conferral call on May 29, 2024, and in subsequent emails on May 30, June 3, June 5, and June 7, 2024. Plaintiff opposes the relief requested.

**INTRODUCTION**

In 2022, Colorado passed HB 22-1269, which created minor and discrete reporting requirements for "health care sharing plans or arrangements", entities formed for individuals to come together to share certain medical expenses. Colorado imposed these reporting requirements against the backdrop of numerous consumer complaints concerning confusion around the operation of these arrangements and the relationship of these plans to traditional insurance products that meet the requirements of the Affordable Care Act.

The General Assembly authorized the Commissioner of Insurance to implement and enforce these reporting requirements. § 10-16-107.4, C.R.S. The General Assembly specifically vested the Commissioner with authority to: collect the required reporting (§ 10-16-107.4(1)(a)-(b), C.R.S.); determine whether such reporting is complete or the submission contains deficiencies (§ 10-16-107.4(2)(a), C.R.S.); levy a fine on a person who submitted an incomplete submission to the Commissioner and failed to remedy the deficiencies (§ 10-16-107.4(2)(b), C.R.S.); prepare and publish a written report summarizing the information contained in the submissions (§ 10-16-107.4(3), C.R.S.); and adopt rules to implement section 10-16-107.4, C.R.S. (§ 10-16-107.4(4)-(5), C.R.S.).

The Commissioner is the head of the Colorado Division of Insurance. § 10-1-104(1), C.R.S. The Division of Insurance is a type 1 agency charged with the execution of laws relating to insurance and has supervising authority over the business of insurance in this state. § 10-1-103(1), C.R.S.

To protect policyholders and the general public, the Commissioner has the duty to supervise the business of insurance in the State of Colorado and to investigate and enforce Colorado insurance laws and regulations as set forth in subsections 10-1-108(5), (7), C.R.S. Pursuant to section 10-1-104(2), C.R.S., the Commissioner has delegated the duties and responsibilities of investigating, enforcing, and taking actions to enforce compliance with the insurance laws of Colorado to the Division and its staff. However, the Commissioner possesses statutory authority over the Division of Insurance and is still ultimately responsible for the exercise of those functions delegated to the Division of Insurance.

The Commissioner, not the Division, is statutorily authorized to implement and enforce the provisions of the law and regulations that Plaintiff is challenging concerning health care sharing arrangements and plans. While the Division of Insurance is the state agency overseen by the Commissioner, the Division, apart from the Commissioner, does not possess any statutory authority to comply with an order granting Plaintiff's requested relief from enforcement of the regulations for health care sharing plans. Accordingly, the Division of Insurance, as a state agency, is a wholly improper defendant and should be dismissed. Further, any claims for monetary damages against the Commissioner are

barred by the Eleventh Amendment, which prohibits any relief from a state official acting in their official capacity that would implicate public funds in federal court.

## LEGAL ARGUMENT

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint where the court lacks subject-matter jurisdiction. The determination of a court's subject-matter jurisdiction is a threshold question of law for which the party invoking the court's jurisdiction bears the burden of proof. *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). If the opposing party challenges the jurisdiction of the court as a matter of law, the court must accept the factual allegations as true and determine whether those facts state a claim over which the court has jurisdiction. *Amoco Prod. Co. v. Aspen Grp.*, 8 F. Supp. 2d 1249, 1251 (D. Colo. 1998).

This court lacks subject-matter jurisdiction over all of Plaintiff's claims against the Colorado Division of Insurance and the claims for damages against the Commissioner of Insurance because Defendants have sovereign immunity. State sovereign immunity deprives federal courts of subject-matter jurisdiction. *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). This Court lacks jurisdiction over Plaintiff's claims against the Colorado Division of Insurance as it is a state agency, and the Division should be dismissed as immune from this suit under Fed. R. Civ. P. 12(b)(1). Further, the Commissioner, acting in his official capacity, is immune under the Eleventh Amendment from any claims for damages and such claims should also be dismissed against the Commissioner under Fed. R. Civ. P. 12(b)(1), and the related jury demand stricken.

**I.     The Division of Insurance has sovereign immunity from suit in federal court under the Eleventh Amendment.**

The Eleventh Amendment grants states and state entities the legal power to assert sovereign immunity, which then bars the exercise of federal subject-matter jurisdiction. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007). A citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252-53. "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (citations omitted).

The Division of Insurance, as a state agency, is immune from suit under the Eleventh Amendment. § 10-1-103(1), C.R.S. Plaintiff acknowledges in its Complaint that the Division of Insurance is a state agency. [Doc. 1 at ¶ 9].[2] Colorado law is also explicit that the Division of Insurance is an instrumentality of the state and that its funds are state funds. *See* §§ 10-3-103(1), 24-1-104(1)(a)-(b), 24-1-110(1)(l), 24-1-122(1)(b)(I), C.R.S. As such, the claims against the Division are as barred as if Plaintiff had named the state

---

[2] Plaintiff states in its Complaint that the Division is "responsible for administering the Colorado statute targeting health care sharing ministries" and "promulgated regulations implementing that statute." [*Id.*] However, both of these allegations contradict the statute. Section 10-16-107.4, C.R.S., clearly empowers the *Commissioner*, not the Division of Insurance, to implement and enforce the statute and promulgate rules accordingly. While the Division of Insurance is immune from this suit under the Eleventh Amendment regardless of its responsibilities under the statute, this clarification underscores why the Commissioner, not the Division, is the only appropriate party in this suit.

5

itself. This Court is without jurisdiction over any of Plaintiff's claims against the Division and the Division should be dismissed from this suit.

II. **The Commissioner of Insurance, acting in his official capacity, is immune to any claims for money damages – including nominal damages – under the Eleventh Amendment.**

Under *Ex Parte Young*, a party may only sue a state official acting in their official capacity in federal court, and only for prospective equitable relief. *ANR Pipeline Co. v. Lafaver*, 150 F.3d at 1188. In official-capacity actions, a state official may not be sued for retroactive monetary relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03 (1984) ("In particular, *Edelman* [*v. Jordan*, 415 U.S. 651, 663 (1974)] held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief."). The Eleventh Amendment unequivocally bars any relief in federal court against a state official that would require payment of public funds by the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1133 (10th Cir. 2001) ("If the sovereign is obligated to pay any damage award entered against the state official, however, the Eleventh Amendment bars the suit.").

Nominal damages are a legal remedy for a completed, retrospective violation of a legal right. *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 801-02 (2021); *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 529 (10th Cir. 2016) ("[A]n award of nominal damages involves a remedy that is 'legal,' not 'equitable.'"). Courts have repeatedly dismissed *all* claims for damages – including nominal damages – against state officials when sued in

federal court as retrospective monetary relief barred by the Eleventh Amendment. *See e.g., Arizonans for Off. Eng. v. Arizona,* 520 U.S. 43, 45 (1997) ("[plaintiff's] implied plea for nominal damages, which the Ninth Circuit approved as against the State of Arizona, could not revive the case, as § 1983 actions do not lie against a State") (citations omitted); *Hunt v. Colo. Dep't of Corrs.*, 271 F. App'x 778, 781 (10th Cir. 2008) (holding that a plaintiff could not seek money damages and relief for prior acts against a state official, but could proceed with claims for prospective injunctive relief because "*Young* and its progeny make clear that this exception [to Eleventh Amendment immunity] 'may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past' or as a means for seeking money damages") (citations omitted); *Lefthandbull v. Hartley*, 2010 WL 1930250, at *3 (D. Colo. Apr. 20, 2010) (dismissing claims for monetary damages, including nominal damages, against state officials acting in their official capacities as barred by sovereign immunity); *Brown v. Watts,* 2009 WL 3052231, at *3 (D. Colo. Sept. 21, 2009) (same); *Hamlin v. Smith*, 2008 WL 4210795, at *5 (D. Colo. Sept. 10, 2008) (same); *Trujillo v. Milyard*, 2008 WL 2980012, at *2 (D. Colo. July 31, 2008) (same); *Brack v. Ortiz*, 2007 WL 867992, at *10 (D. Colo. March 20, 2007) (same).

Plaintiff is barred by the Eleventh Amendment from seeking monetary damages against the Commissioner acting in his official capacity. A successful award of damages against the Commissioner of Insurance, acting in his official capacity, would come from the state's funds. *See* § 10-1-103(3)(a)(I), C.R.S. ("All direct and indirect expenditures of the division are paid from the division of insurance cash fund, which is hereby created in the state treasury."). Under the doctrine of *Ex Parte Young*, Plaintiff may only proceed on

its claims against the Commissioner for prospective equitable relief. Any claims against the Commissioner for monetary damages or seeking retrospective legal relief for past constitutional violations is barred by the Eleventh Amendment and should be dismissed.

Further, because the only claims that Plaintiff may properly proceed on against the Commissioner of Insurance are claims for prospective, equitable relief, Plaintiff's demand for a jury trial is also inappropriate and should be stricken. A jury trial is only appropriate to resolve legal issues – not equitable relief. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709-10 (1999) (holding that "a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment" and "damages for a constitutional violation are a legal remedy."); *Sprint Nextel Corp.*, 822 F.3d at 529.

## CONCLUSION

Because the Division is immune under the Eleventh Amendment, all claims against it should be dismissed. Because the Commissioner is immune under the Eleventh Amendment from any claims for damages, Plaintiff's claim for nominal damages against the Commissioner should also be dismissed and the related jury demand should be stricken.

DATED at Denver, Colorado this 10th day of June, 2024.

PHILIP J. WEISER
Attorney General

*s/ Abby Chestnut*
REED WILLIAM MORGAN, 40972*
Assistant Attorney General
DANIEL E. RHEINER, 48821*
Assistant Solicitor General

8

ABBY CHESTNUT, 51189*
Senior Assistant Attorney General
PHILLIP KHALIFE, 46333*
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO  80203
720-508-6335 (Morgan)
720-508-6570 (Rheiner)
720-508-6353 (Chestnut)
720-508-6388 (Khalife)
Reed.Morgan@coag.gov
Danny.Rheiner@coag.gov
Abby.Chestnut@coag.gov
Phillip.Khalife@coag.gov
* *Counsel of Record*