**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ALLIANCE OF HEALTH CARE SHARING MINISTRIES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CONWAY, in his official capacity as Commissioner of Insurance,<br><br>Defendant. | Case No. 1:24-CV-01386-GPG-STV |

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Date of Conference: July 29, 2024, at 11:00a.m.  Appearing for the parties are:

| | |
|---|---|
| Michael F. Murray<br>PAUL HASTINGS LLP<br>2050 M Street, NW<br>Washington, D.C. 20036<br>(202) 551-1730<br>michaelmurray@paulhastings.com<br><br>William E. Mahoney<br>PAUL HASTINGS LLP<br>600 Travis Street<br>Fifty-Eighth Floor<br>Houston, Texas 77002<br>(713) 860-7304<br>williammahoney@paulhastings.com<br>**COUNSEL FOR PLAINTIFF ALLIANCE OF HEALTH CARE SHARING MINISTRIES** | Reed William Morgan<br>Daniel E. Rheiner<br>Abby Chestnut<br>Phillip Khalife<br>COLORADO DEPARTMENT OF LAW<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 8th Floor<br>Denver, Colorado 80203<br>720-508-6335 (Morgan)<br>720-508-6570 (Rheiner)<br>720-508-6353 (Chestnut)<br>720-508-6388 (Khalife)<br>Reed.Morgan@coag.gov<br>Danny.Rheiner@coag.gov<br>Abby.Chestnut@coag.gov<br>Phillip.Khalife@coag.gov<br>**COUNSEL FOR DEFENDANT MICHAEL CONWAY,** *IN HIS OFFICIAL CAPACITY AS* **COMMISSIONER OF INSURANCE** |

1

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and the laws of the United States. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff brings claims under the First Amendment of the United States Constitution. Plaintiff challenges a new Colorado law, C.R.S. § 10-16-107.4, and implementing regulation, Regulation 4-10-01, that target religious organizations that help their members exercise the religious belief that they should contribute voluntarily to each other's financial, spiritual, and emotional medical needs. Among other relief, Plaintiff seeks: (1) declarations that the law and implementing regulation violate the Free Exercise, Establishment, Free Association, and Free Speech Clauses of the First Amendment; (2) declarations that the law and implementing regulation are unconstitutional on their face and as applied to Plaintiff and its current and future members; and (3) a permanent injunction prohibiting Defendant, his agents and employees, and all those acting in concert with him, from enforcing the law and regulation against Plaintiff, its current and future members, and all those acting in concert with Plaintiff. Plaintiff has explained the numerous constitutional flaws in Colorado's unique-in-the-nation regulatory regime in its complaint and preliminary injunction (filed May 17, 2024), including that it grants limitless exemptive authority to state officials.

  b. Defendant:

  Since 2018, the Colorado Division of Insurance has received numerous consumer complaints indicating confusion around health care sharing plans' coverage and advertising. Section 10-16-107.4, C.R.S., enacted in 2022, requires sharing plans to report information to the Division, including membership numbers, administrative expenses, reimbursement requests and disbursements, advertising materials, and use of third-party brokers. The law does not violate Plaintiff's member organizations' First Amendment rights. In particular, it does not burden their free exercise of religion as it is: 1) generally applicable because it does not treat comparable secular activities differently from religious activities and does not permit the Division to exempt some sharing plans, and 2) neutral because it does not target religion but rather seeks to protect consumers. The law also does not violate the Establishment Clause. The "excessive entanglement" test, cited by Plaintiff, has been undermined by the Court's rejection of *Lemon v. Kurtzman,* 403 U.S. 602, 613 (1971). Nevertheless, the law's reporting requirements do not constitute excessive entanglement because they do not involve pervasive monitoring, and the law does not otherwise violate the Establishment Clause. The law does not violate the freedom of association because its required disclosures of third-party commercial contractors does not create the types of associational burdens protected by the First Amendment. Finally, the law does not violate the Free Speech Clause. It only requires factual and uncontroversial disclosures that do not trigger heightened review.

The law promotes significant governmental consumer protection interests and is narrowly tailored such that it passes all applicable First Amendment tests. Plaintiff's claims and requests for relief should be denied in their entirety.

## 4. UNDISPUTED FACTS

The Parties agree on the following undisputed facts:

- Samaritan Ministries has members in Colorado who participate in its health care sharing program and incur medical expenses in Colorado.

- Samaritan Ministries is a member of the Alliance of Health Care Sharing Ministries.

- Samaritan Ministries is required to comply with C.R.S. § 10-16-107.4 and Regulation 4-10-01.

- The Division of Insurance issued a "consumer advisory" in 2020 addressing health care sharing programs, the text of which speaks for itself.

- The Affordable Care Act exempts members of health care sharing ministries from certain of its requirements.

- C.R.S. § 10-16-107.4 and Regulation 4-10-01 require health care sharing plans and arrangements to make annual disclosures to the State. The full and specific reporting requirements are set forth therein, but they include certain communications, affiliations, and statistical and financial information.

- The Commissioner of Insurance is required to "[p]repare a written report summarizing the information submitted by persons pursuant to

4

subsection (1) of [C.R.S. § 10-16-107.4]" and "[p]ost on the division's website the report and accurate and evidence-based information about the persons who submitted information pursuant to subsection (1) of this section, including how consumers may file complaints."

- C.R.S. § 10-16-107.4 does not apply to "direct primary care agreements" or "other consumer payment arrangements identified by the commissioner by rule, including consumer payment plans offered directly by a provider to a patient or the party responsible for payment on behalf of the patient."

- The Commissioner of Insurance may levy a fine not to exceed $5,000 per day on a person who fails to comply with the requirements of C.R.S. § 10-16-107.4(1) and then fails to correct any non-compliance or deficiencies after 30 days' notice. If the person does not remedy the deficiency or deficiencies within thirty days after the initial fine is levied, the Commissioner may issue a cease-and-desist order.

- The Commissioner has not to date levied any fines or issued any cease-and-desist orders against Plaintiff's members under C.R.S. § 10-16-107.4(2)(b).

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks declaratory and injunctive relief for the violations of Plaintiff's constitutional rights. Plaintiff also seeks attorneys' fees and the costs associated with this action, including expert witness fees, as allowed by law.

Defendant denies that Plaintiff is entitled to any declaratory or injunctive relief or attorneys' fees and costs, including expert witness fees.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting**:

   July 3, 2024.

b. **Names of each participant and party he/she represented**:

   Michael F. Murray and William E. Mahoney for Plaintiff.

   Reed W. Morgan and Daniel E. Rheiner for Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**:

   Under Rule 26(a)(1)(C), initial disclosures were made by both parties on July 17, 2024.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

   None.

e. **Statement concerning any agreements to conduct informal discovery**:

   Not applicable.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**:

The parties will agree on a numbering system that will avoid confusion and duplication, and that will allow the same exhibit number to be used for each exhibit for deposition and trial purposes. Documents produced by either party shall be bates-labeled. The parties will make a reasonable effort to reduce discovery and litigation costs.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form**:

The Parties anticipate that discovery of their claims or defenses will involve some electronically stored information, and other documents stored in PDF or equivalent format. The Parties do not anticipate extensive discovery of native-format electronic files in this action. To the extent either Party believes items need to be produced in native-format, the Parties agree they will cooperate to reduce the burden of production. The Parties further agree to produce non-native format ESI in a searchable PDF format and that documents will be produced separately and not in a combined PDF or similar format. The Parties will further meet and confer regarding any ESI issues.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case**:

The Parties discussed settlement and will continue to discuss possibilities for settlement.

7

## 7. CONSENT

The Parties have not all consented to the exercise of jurisdiction of a magistrate judge. Dkt. 38.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules**:

The Parties agree that each side is afforded 25 interrogatories and 10 depositions, including depositions of the Parties, third parties,[1] and experts.

b. **Limitations which any party proposes on the length of depositions**:

The Parties agree that depositions are limited to one day of six hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission**:

The Parties agree that each side is limited to 25 requests for production and 25 requests for admission.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**:

March 4, 2025 (30 days before the discovery cut-off).

e. **Other Planning or Discovery Orders**:

The Parties will work together to file a stipulated protective order, if needed.

The Parties agree to make good faith efforts to exhaust relevant Party discovery before seeking similar information from third parties.

---

[1] The Parties by reaching this agreement do not concede in any way the appropriateness of third-party depositions.

8

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings**:

August 5, 2024, which is approximately 30 days after discovery began.

b. **Discovery Cut-off**:

April 3, 2025, which is nine months after discovery began.

c. **Dispositive Motion Deadline**:

The parties propose the following schedule for dispositive motions:

1. Plaintiff will file its motion for summary judgment on May 16, 2025, not to exceed 40 pages.

2. Defendant will file a combined cross-motion for summary judgment and opposition to Plaintiff's motion by June 27, 2025, not to exceed 50 pages.

3. Plaintiff will file a combined reply in support of its motion and opposition to Defendant's cross-motion by July 25, 2025, not to exceed 30 pages.

4. Defendant will file a reply in support of his cross-motion by August 22, 2025, not to exceed 20 pages.

d. **Expert Witness Disclosure**

1. **The parties shall identify anticipated fields of expert testimony, if any**.

The Parties do not anticipate expert testimony at this time.

2. **Limitations which the parties propose on the use or number of expert witnesses**.

Id.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 90 days *before* the close of discovery.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 45 days *before* the close of discovery.

e. **Identification of Persons to Be Deposed**:

At this early stage, the Parties anticipate seeking the depositions of at least the following persons:

*Plaintiff*:

- Commissioner Conway.[2]

- Deputy Commissioner Kate Harris.

- Leilani Russell.

*Defendant*:

- Katy Talento and/or other representatives of Plaintiff

- Rob Waldo and/or other representative of Samaritan Ministries

- Representatives of Altrua HealthShare

- Representatives of Christian Care Ministries / Medi-Share

- Representatives of OneShare Health

---

[2] Defendant has previously objected to this deposition as an improper Apex deposition. *See, e.g., Naylor Farms, Inc.v. Anadarko OGC Co.*, 2011 WL 2535067 (D. Colo. 2011). The Commissioner reserves the right to object to such a deposition request.

- Representatives of Liberty Health Share

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. **Status conferences will be held in this case at the following dates and times**:

   _____ .

b. **A final pretrial conference will be held in this case on _____ at \_\_\_\_ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference**.

### 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement**:

b. **Anticipated length of trial and whether trial is to the court or jury**:

   To the extent this matter is not fully resolved by the Parties' proposed cross-motions for summary judgment, the Parties anticipate a two-day trial before the Court.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301**:

   The Parties are not aware of any proceedings that would be more efficiently or economically conducted in the referenced facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 29th day of July, 2024.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

| */s/ Michael F. Murray* | */s/ Reed W. Morgan* **(with permission)** |
|---|---|
| Michael F. Murray<br>PAUL HASTINGS LLP<br>2050 M Street, NW<br>Washington, D.C. 20036<br>(202) 551-1730<br>michaelmurray@paulhastings.com<br><br>William E. Mahoney<br>PAUL HASTINGS LLP<br>600 Travis Street<br>Fifty-Eighth Floor<br>Houston, Texas 77002<br>(713) 860-7304<br>williammahoney@paulhastings.com<br>**COUNSEL FOR PLAINTIFF ALLIANCE OF HEALTH CARE SHARING MINISTRIES** | Reed William Morgan<br>Daniel E. Rheiner<br>Abby Chestnut<br>Phillip Khalife<br>COLORADO DEPARTMENT OF LAW<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 8th Floor<br>Denver, Colorado 80203<br>720-508-6335 (Morgan)<br>720-508-6570 (Rheiner)<br>720-508-6353 (Chestnut)<br>720-508-6388 (Khalife)<br>Reed.Morgan@coag.gov<br>Danny.Rheiner@coag.gov<br>Abby.Chestnut@coag.gov<br>Phillip.Khalife@coag.gov<br>**COUNSEL FOR DEFENDANT MICHAEL CONWAY,** *IN HIS OFFICIAL CAPACITY AS* **COMMISSIONER OF INSURANCE** |