# __Movant Alliance of Health Care Sharing Ministries' Appendix__

## Motion for Injunction Pending Appeal

## January 28, 2025

**ALLIANCE OF HEALTH CARE SHARING MINISTRIES**

**vs**

**MICHAEL CONWAY, COMMISSIONER OF INSURANCE**

Index of Exhibits to Motion for Injunction Pending Appeal

| Ex. | Name |
| --- | --- |
| A | Health Care Sharing Plans and Arrangements in Colorado, 2023 Report |
| B | [DOI_014673–014679] |
| C | [DOI_001171–001181] |
| D | [DOI_000821–000826] |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# EXHIBIT A



# Health Care Sharing Plans and Arrangements in Colorado

## Colorado House Bill 22-1269 2023 report

### October 2024

# Table of Contents

| | |
|---|---|
| **Table of Contents** | **2** |
| **Background** | **3** |
| **Overview of Data Collection Efforts** | **3** |
| **Summary of Findings** | **4** |
| Membership | 4 |
| Table 1. 2023 Enrollment Data per HCSA | 4 |
| Financial Information | 6 |
| Marketing Efforts and Use of Producers | 7 |
| **Data Limitations** | **8** |
| **Questions or Concerns** | **8** |
| **Next Steps** | **8** |
| **Appendices** | **9** |
| Appendix A: Associated Legislation, Regulation, and Division Information | 9 |
| Appendix B: Regulatory Definitions of Terms Related to HCSA Reporting | 9 |
| Appendix C: List of Health Care Sharing Arrangements Operating in Colorado | 11 |
| Appendix D: Services and Pre-existing Conditions Excluded from Sharing by Some HCSAs | 11 |
| Appendix E: 2023 Financial Information Table 1 | 13 |
| Appendix F: 2023 Financial Information Table 2 | 15 |
| Appendix G: 2023 Data on share request denials and appeals | 17 |
| Appendix H: Additional 2023 Data from the Health Care Sharing Plan Reporting Template | 20 |
| Appendix I: Number of HCSAs Operating in each State | 22 |

# Background

The 73rd Colorado General Assembly passed House Bill 22-1269 ("HB22-1269") requiring Health Care Sharing Ministries, Plans, or Arrangements ("HCSAs") to report data annually to the Division of Insurance ("Division") and "for the Commissioner [of Insurance] to prepare a written report summarizing the information submitted" about the HCSAs operating in Colorado. HCSAs report data to the Division about annual enrollment and financial data, use of licensed producers, HCSA member guidelines, and marketing materials.[1] These data reporting efforts are intended to increase transparency about HCSAs for Colorado consumers.

Regulation 4-10-01 defines a "Health care sharing plan" or "health care sharing arrangement" or "plan" or "arrangement" or "HCSPA" as, "any organization that offers or markets products to facilitate payment or reimbursement of health-care costs or services for one (1) or more residents of Colorado. This does not include direct primary care agreements as defined in § 6-23-101, C.R.S.; consumer payment plans offered directly between a provider and patient (or patient's responsible party); businesses used to facilitate the plan's operations such as reimbursement handling, cost containment vendors, data processing; and crowdfunded sources that do not require ongoing membership fees, share requirements, or dues for the purposes of payment for and/or reimbursement of health care services."[2] Colorado law requires all HCSAs to report data to the Division annually.

# Overview of Data Collection Efforts

To collect data from HCSAs offering plans or arrangements in Colorado in 2023, the Division used the infrastructure implemented for previous years' data collection efforts and released regulation 4-10-01. This included two years of data collection under Emergency Regulation 22-E-20, two public meetings ahead of the adoption of Emergency Regulation 22-E-20, discussions with representatives from different Sharing Plans, two public comment periods to respond to draft forms of regulation 4-10-01, updates to the data reporting template, and a dedicated HCSA data collection webpage to meet the requirements of Colorado statute.[3] The two previous years of data collection efforts and feedback provided by consumer advocates, HCSAs, and members of the public helped refine updates to the regulation and data reporting template. Additionally, the Division offered HCSAs one-on-one office hours to answer questions and help clarify the reporting requirements. One HCSA reached out to the Division with questions ahead of the submission deadline.

By May 31, 2024, seventeen HCSAs submitted data for the 2023 calendar year. Division staff reviewed all submissions for completeness; followed up with each HCSA if materials were missing or data elements did not appear to follow Section 10-16-107.4 CRS and regulation 4-10-01.

---

[1] For a full list of all information required to be reported to the Division annually by HCSAs see § 10-16-107.4(1), Colorado Revised Statutes ("C.R.S").

[2] Regulation 4-10-01 establishes the data reporting requirements applicable to all HCSAs offering or that intend to offer plans or arrangements to facilitate payment or reimbursement of health-care costs or services for residents of Colorado.

[3] Links to these items can be found in the Appendices below.

Five HCSAs reported a subset of required values for 2023[4]. Given the potential statistical impact these missing data could have on comparing financial data from one year to the next, the Division cautions against comparing the summary financial data provided in this report to previous years' reports. All seventeen HCSAs reported enrollment data for 2023.

## Summary of Findings

Seventeen HCSAs submitted data to the Division ahead of the publication of this report. For the purposes of this report, where inconsistencies in the data are present, the Division has presented a subset of data in the summary sections to include only those from HCSAs that reported in accordance with Regulation 4-10-01 and noted this in the footnotes.

HCSAs do not have uniform sharing or business practices and where some data points required by law are not applicable to a specific HCSA and the HCSA has communicated that distinction in their reporting template "N/A" is used in this report to note that distinction. Where data were missing from a submission "-" is used.

### Membership

Presented in Table 1 is a summary of enrollment related data for each HCSA in 2023.

### Table 1. 2023 Enrollment Data per HCSA

| Organization | Number of Colorado members enrolled | Number of members enrolled nationally | Number of Coloradan households participating | Number of Colorado members participating through an employer | Number of Colorado members enrolled through a producer |
|---|---|---|---|---|---|
| Altrua Ministries | 264 | 11,564 | 145 | 0 | 0 |
| Christian Care Ministry, dba Medi-Share | 17,127 | 408,793 | 6,518 | 216 | 0 |
| Christian Healthcare Ministries | 13,593 | 476,828 | 5,824 | 294 | 0 |
| Impact Health Sharing | 360 | 14,588 | 210 | N/A | 360 |
| Jericho Share | 2,587 | 12,864 | 1,681 | - | 2,587 |
| Knew Health | 162 | 2,902 | 86 | 2 | 0 |
| Liberty HealthShare | 2,911 | 60,858 | 1,362 | 6 | - |

---

[4]Due to ongoing litigation relating to HCSA entities and regarding the reporting requirements, the Division will not comment on individual HCSA submissions for the 2024 reporting cycle.

| Organization | Number of Colorado members enrolled | Number of members enrolled nationally | Number of Coloradan households participating | Number of Colorado members participating through an employer | Number of Colorado members enrolled through a producer |
|---|---|---|---|---|---|
| Logos Missions, Inc, dba Christian Mutual Medical Assistance | 174 | 17,821 | N/A | 0 | 0 |
| OneShare | 2,116 | 28,423 | 1,098 | 0 | 0 |
| Samaritan Ministries International | 12,828 | 349,408 | 3,510 | 187 | - |
| Sedera Medical Cost Sharing Community | 2,562 | 35,447 | 1,171 | 344 | 1564 |
| Sedera, Inc. | 716 | 3,807 | 361 | 66 | 706 |
| Share HealthCare | 53 | 618 | 26 | 0 | 0 |
| Solidarity | 551 | 19,429 | 210 | N/A | 0 |
| Unite Health Share Ministries[5] | Redacted | Redacted | Redacted | Redacted | Redacted |
| Universal Health Fellowship | 758 | 10,079 | 542 | N/A | 758 |
| Zion HealthShare | 4,700 | 51,185 | 2,488 | 0 | 0 |

In 2023, seventeen HCSAs reported a total membership of 62,461 Coloradans and 1,521,668 members nationally. Colorado HCSA membership numbers represent slightly over 4% of national HCSA enrollment of these HCSAs. In comparison, Colorado's 2020 census population is 1.7% of the national population.[6] Actual enrollment in HCSAs in Colorado is likely different than reported here as other HCSAs could be operating in Colorado but have not reported data to the Division.

Seven of the seventeen HCSAs reported Colorado employer groups participating in sharing arrangements in 2023. Of the seven HCSAs that reported data on employer participation, the range of members participating in a HCSA per employer is 1 to 65 members, with an aggregate total of 1,115 members across all seven HCSAs.

---

[5] Unite Health Share Ministries (UHSM) requested that data supplied on tabs 2 and 3 of the reporting template, and therefore what would be displayed on this table, be confidential. Where "Redacted" is displayed the data were submitted to the Division but redacted from the report.
[6] United States Census Bureau. [Profile United States 2020 census data]. Retrieved from https://data.census.gov/profile?g=0100000US

## Financial Information

Twelve HCSAs reported the required financial information to the Division. However, one of the HCSAs requested that their financial information be kept confidential, and they are excluded from the summary analysis presented in this section.

HCSAs are required to report the "Total amount of fees, dues, shares, contributions, or other payments collected from individuals, Colorado employer groups, or others who participated in the [HCSA's] product." The eleven HCSAs collected $39,474,869 in total fees, dues, shares, contributions, and other payments from members in 2023.

HCSAs are also required to report on the dollar amount of healthcare costs submitted for their members' sharing requests, the dollar amount of those healthcare costs that are determined eligible for sharing based on their specific member guidelines, and the dollar amount paid or shared to cover healthcare expenses the HCSA determines are eligible for sharing. A total of $96,207,407 in healthcare costs were submitted for sharing by members of the eleven HCSAs. Many of the HCSAs note that the dollar amount of healthcare costs or services submitted for sharing includes duplicate charges, ineligible charges based on the HCSA's sharing guidelines (for example a member may receive a single itemized bill from a provider with both eligible and ineligible charges but the full bill is submitted as part of the sharing request), discounts that the HCSAs negotiated on their members' behalf, and the members' agreed-upon portions of medical bills. Once those amounts ineligible for sharing were deducted, the eleven HCSAs reported that $58,590,086 of members' total 2023 health care costs were determined eligible for sharing. Of the $58,590,086 determined by the HCSAs to be eligible for sharing $34,291,846 in healthcare costs or services were paid by the HCSAs by December 31, 2023.

Actual health care costs of Colorado members were likely different than the HCSAs reported as some bills/share requests do not include costs for benefits excluded from sharing and were not submitted by the member. Nor do the amounts submitted to the Division include the amounts members need to pay before being eligible for sharing. This is sometimes referred to as an "Annual Unshared Amount" and the amount varies within a HCSAs offered products and across HCSAs.

The guidelines of twelve[7] HCSAs explicitly state that members must use or are obligated to pursue[8] other payment options available to the member before submitting a share request otherwise the member's healthcare costs are not eligible for sharing. This includes using insurance, Medicare, Medicaid, Veterans Administration, Tricare, private/public grants, crowdfunding, and any liable third party (in the event of an accident) before submitting a share

---

[7] Five HCSAs did not submit their member guidelines as required

[8] An example of "obligation to pursue" other payment options is copied from one HSCA's member guidelines with the name of the HCSA removed from the quote, "it is your [the member's] obligation to pursue payment from any other responsible payer before submitting such medical expenses to [HCSA] for assistance. If a governmental, insurance, or religious program; liable third party; fraternal organization; or any other financial assistance source will pay any portion of the qualifying medical bill, that amount will offset any unshared and/or shared amounts applied to the member's needs up to the total amount of the need. If the Sharing Member refuses to accept such assistance, then that portion of the medical need also becomes ineligible for sharing."

request. From one HCSA's member guidelines, "Failure to disclose coverage with an insurance, third-party administrator, or government assistance plan may result in ineligibility for sharing. This includes, but is not limited to, any form of coverage through a non-member spouse, family member, employer, or government entity." One HCSA requires or suggests that members first request providers and hospitals to reduce or write off eligible health care bills (sometimes referred to as a "self-pay" discount).

Five HCSAs also state or suggest that members must first request charity care and financial support from local governments and consumer support organizations in paying the member's health care bills by including language such as, "Needs do not qualify for sharing to the extent that they are discountable by the health care provider or payable by any other source, whether private, governmental, or institutional." This means that medical costs submitted for sharing by a member (and what is later submitted to the Division through the data reporting template) are likely different from the total health care cost to provide those services.

## Marketing Efforts and Use of Producers

Five HCSAs reported that 262 producers enrolled 6,442 members in these five HCSAs. The range of Colorado membership enrolled via producers varies from 1 member enrolled through a producer for one HCSA to 1,151 members enrolled through a producer for another HCSA. HCSAs are not required to report the names, business, or license numbers of individual producers so the count of 262 producers across this subset of HCSAs is not a unique count of producers and likely includes double counting.

Four of the five HCSAs that reported an association with producers also reported on the "total commission, fees, or remuneration paid in [2023] to producers for: marketing, promoting, or enrolling Colorado participants". The fifth HCSA included their producer payment information with one of the other HCSAs that reported on this value. Producers were paid a total of $100,580 in 2023 by the four HCSAs. The Division noted inconsistencies in how some HCSAs reported on the use of producers to enroll members in HCSAs and on the commissions, fees, or remunerations paid to producers. Some of the HCSAs commented that they cannot know if their subcontractors or third-party administrators follow the definition of a producer or not, so they are unable to report on these required data elements. Additionally, five HCSAs did not submit data on marketing or use of producers. It is possible that more than the five HCSAs noted above work with producers to enroll members and that more than the four HCSAs noted above paid producers for marketing, promoting, and enrolling members.

Six HCSAs paid third parties $892,039 for "marketing, promoting, or enrolling participants in a plan or arrangement to Colorado participants" and four HCSAs paid third parties $4,896,482 for "operating, managing, or administering a plan or arrangement offered by the [HCSA]."

Sixteen HCSAs used social media to communicate to members and to market their products. Non-confidential marketing materials submitted by each HCSA, which include examples of social media posts, will be posted in the coming months to the Division's website.

7

## Data Limitations

Information provided by each HCSA includes an attestation that the annual submission is the "best of your good-faith knowledge and belief, is accurate and satisfies the requirements of § 10-16-107.4, C.R.S." and must be signed by an officer of the HCSA. The Division has checked each submission for completeness but is limited in its ability to independently verify all or some parts of each submission. The Division intentionally does not, and will not, collect information on individual HCSA members, employers, or producers.

Five HCSAs reported a subset of required values for 2023[9].

The Division does not collect demographic information about HCSA members; the types of employers who help cover an HCSA membership for their employees; or the names of producers used to enroll members into HCSAs.

HCSA members can switch HCSAs mid-year and would be double counted in this situation without a way to be deduplicated from the data submitted to the Division and used in this report. Therefore, the values for these data points in this report may not be a unique count.

## Questions or Concerns

If you have a question about your health care sharing arrangement or health insurance coverage you can contact the Division's Consumer Services team. The Consumer Services team is available to answer questions or respond via phone and/or our consumer portal. Information about filing a complaint can be found on the Division's website, emailing DORA_Insurance@state.co.us, or calling 303-894-7490 (within the Denver Metro area) or 800-930-3745 (outside the Denver Metro area).

## Next Steps

Review of 2023 data submissions is expected in the coming months. If evidence is later discovered proving an HCSA was operating in Colorado during the reporting period, and did not submit data to the Division, the Division may initiate enforcement actions against non-reporting HCSAs. The Division is not anticipating updates to this 2023 report. Finalized submission materials, excluding confidential information, will be posted to the Division's website for interested parties to download. Annually, HCSA data submissions are due to the Division on March 1st of each year with the associated report published by October 1st of the same year.

If there is evidence that a HCSA is operating in Colorado but is not included in this report, please contact Leilani Russell (Leilani.Russell@state.co.us).

---

[9]Due to ongoing litigation relating to HCSA entities and regarding the reporting requirements, the Division will not comment on individual HCSA submissions for the 2024 reporting cycle.

# Appendices

## Appendix A: Associated Legislation, Regulation, and Division Information

- Colorado House Bill 22-1269
- Division of Insurance Emergency Regulation 22-E-20
- Division of Insurance Regulation 4-10-01, including an attestation
- The Division's consumer complaint portal and information on how to ask a question or file a complaint
- The Division's web page dedicated to House Bill 22-1269

**2023 Reporting Template:** The annual reporting template all HCSAs submit to the Division can be downloaded from the Division's website:
https://docs.google.com/spreadsheets/d/1B0yM0Oyhj0gNaQk9YDsTTM4udHCVfyfcZDNKnApJWVs

**About the Division of Insurance:** The Colorado Division of Insurance, part of the Department of Regulatory Agencies (DORA), regulates the insurance industry and assists consumers and other stakeholders with insurance issues. Visit doi.colorado.gov for more information or call 303-894-7499 / toll free 800-930-3745.

**About DORA:** DORA is dedicated to preserving the integrity of the marketplace and is committed to promoting a fair and competitive business environment in Colorado. Consumer protection is our mission. Visit dora.colorado.gov for more information or call 303-894-7855 / toll free 800-886-7675.

## Appendix B: Regulatory Definitions of Terms Related to HCSA Reporting

The following definitions related to Health Care Sharing Plans and Arrangements can be found on Regulation 4-10-01 and are used by the HCSAs to report to the Division.

**"Administrative expenses"** shall mean costs incurred to operate and support the functioning of the health care sharing plan or arrangement. This includes but is not limited to bank fees, staff salaries, data processing, sales, management of health care expense submissions, marketing, outreach, and enrollment efforts. This includes fees, commissions, and remuneration paid to contractors or third parties that acted on behalf of the HCSPA to facilitate administrative operations.

**"CORA"** shall mean the Colorado Open Records Act (§ 24-72-201, et seq, C.R.S.).

**"Coloradans"** shall mean residents of Colorado during the reporting period.

**"Filing date"** shall mean for the purposes of this regulation, the day after the HCSPR filing is received at the Division.

**"Health care costs" or "health care expenses"** shall mean any amount billed by a health care provider for health care services or related products or by a pharmacy.

**"Health care provider"** shall have the same meaning as found at § 10-16-102(56), C.R.S. "Health care provider" includes telehealth and direct primary care providers for the purposes of this regulation.

**"Health care services"** means any services included in or incidental to the furnishing of medical, behavioral, mental health, or substance use disorder; dental, or optometric care; hospitalization; or nursing home care to an individual, as well as the furnishing to any person of any other services for the purpose of preventing, alleviating, curing, or healing human physical illness or injury, or behavioral, mental health, or substance use disorder. "Health-care services" includes the rendering of the services through the use of telehealth, as defined in § 10-16-123 (4)(e), C.R.S.

**"Health care sharing plan" or "health care sharing arrangement" or "plan" or "arrangement" or "HCSPA"** shall mean any organization that offers or markets products to facilitate payment or reimbursement of health-care costs or services for one (1) or more residents of Colorado. This does not include direct primary care agreements as defined in § 6-23-101, C.R.S.; consumer payment plans offered directly between a provider and patient (or patient's responsible party); businesses used to facilitate the plan's operations such as reimbursement handling, cost containment vendors, data processing; and crowdfunded sources that do not require ongoing membership fees, share requirements, or dues for the purposes of payment for and/or reimbursement of health care services.

**"Health Care Sharing Report" or "HCSR"** shall mean the report required to be filed with the Commissioner pursuant to § 10-16-107.4(1), C.R.S.

**"Health Care Sharing Plan or Arrangement Reporting template" or "template"** shall mean the data reporting template created and distributed by the Division for the purposes of collecting data per § 10-16-107.4, C.R.S.

**"Insurance producer" or "producer"** shall have the same meaning as found at § 10-2-103(6), C.R.S., with the exception that for the purposes of this regulation it does not include § 10-2-103(6)(b), C.R.S."

**"Product(s)"** means, for the purposes of this regulation, the services covered as a package under a membership plan, tier, or level.

**"Program expenses"** shall mean any service by the HCSPA or its contractors that, while not direct medical care, contributes to the care and overall experiences of HCSPA's participants. This includes but is not limited to coaching and wellness programs, care navigation, care coordination, medical review, quality improvement efforts, cost containment, reimbursement handling, and bill negotiations. This includes fees, commissions, and remuneration paid to contractors that acted on behalf of the HCPA to facilitate program expenses.

**"Third party"** shall mean contractors that are associated with or assist the plan or arrangement in offering or enrolling Colorado residents as participants in the plan or arrangement.

## Appendix C: List of Health Care Sharing Arrangements Operating in Colorado

**List of HCSAs that offered plans or arrangements in Colorado in 2023
and reported data to the Division**

Altrua Ministries
Christian Care Ministry, dba Medi-Share
Christian Healthcare Ministries
Impact Health Sharing
Jericho Share
Knew Health
Liberty HealthShare
Logos Missions, Inc, dba Christian Mutual Medical Assistance
OneShare
Samaritan Ministries International
Sedera Medical Cost Sharing Community
Sedera, Inc.
Share HealthCare
Solidarity
Unite Health Share Ministries, dba UHSM
Universal Health Fellowship
Zion HealthShare

## Appendix D: Services and Pre-existing Conditions Excluded from Sharing by Some HCSAs

For more information about exclusion or coverage of services for any particular HCSA review the specific membership guidelines from the HCSA.

**The following are health care services that are excluded from sharing across some of the organizations that reported data to the Division. This is not an exhaustive list.**

- Acupuncture
- ADHD treatments
- Contraception coverage
- Cosmetic surgery
- Dental coverage
- Diabetic medication and supplies
- Eye care
- Fertility/Infertility care
- Gender affirming care
- Maternity care - unless the mother has been a member for 12 months without changing to a lower cost program
- Medications used to support chronic or pre-existing health conditions
- Mental health treatment
- Routine and preventive care – including, but not limited to, all well-patient care and screening tests and procedures
- Substance use disorder treatment
- Vaccinations and/or Immunizations
- Weight Management treatment or procedures

**The following are a list of conditions that some of the HCSAs reported as pre-existing and therefore ineligible for sharing, or had limitations on sharing based on the HCSA's specific guidelines. This is not an exhaustive list.**

- ALS
- Alzheimer's Disease
- Aneurysm
- Asthma
- Autism Spectrum Disorder
- Cancer
- Cerebral Palsy
- Congenital Conditions
- Congestive Heart Failure
- COPD
- Cystic Fibrosis
- Dementia
- Diabetes Type I and II
- Down's Syndrome
- Endometriosis
- Experimental treatments
- Heart Palpitations
- Hepatitis
- Hypertension
- HIV/AIDS
- Lupus
- Lyme's Disease
- Multiple Sclerosis
- Muscular Dystrophy
- Rheumatoid Arthritis
- Sickle-Cell Disease
- Sleep Apnea

## Appendix E: 2023 Financial Information Table 1

For HCSAs with different percentages reported across their multiple products/programs the high and low range of the reported values are displayed in this table.

Please review the data limitations section included in this report for additional context about the financial data reported to the Division.

| Organization | Total amount of fees, dues, shares, contributions, or other payments collected from individuals, Colorado employer groups, or others who participated in the product | The percentage of fees, dues, shares, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **administrative expenses** | The percentage of fees, dues, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **program expenses** | Total dollar amount of health-care costs or services that were incurred by the participant and submitted by or on behalf of the participant for sharing | Total dollar amount of requests for sharing of Colorado participants' health-care costs or services **that qualified for sharing** excluding any amounts that the participants incurring the health-care costs or services must pay before receiving sharing amounts under the member guidelines |
|---|---|---|---|---|---|
| Altrua Ministries[10] | $835,931.28 | - | - | - | - |
| Christian Care Ministry, dba Medi-Share[11] | $27,706,631.00 | - | - | - | - |
| Christian Healthcare Ministries | $22,276,198.01 | 4.80% | 5.60% | $55,763,555.94 | $46,056,456.71 |
| Impact Health Sharing | $511,485.00 | 34.70% | 14.60% | $1,116,220.00 | $177,337.53 |
| Jericho Share | $1,219,599.95 | 0%–82% | 0%–82% | $1,079,940.20 | $80,843.46 |
| Knew Health | $306,938.94 | 33% | 20% | $200,827.89 | $98,530.56 |

---

[10] Data from these HCSAs were excluded from the financial analysis presented in this report due to inconsistencies or missing data. Where data were missing from a submission " - " is used.
[11] Ibid

13

| Organization | Total amount of fees, dues, shares, contributions, or other payments collected from individuals, Colorado employer groups, or others who participated in the product | The percentage of fees, dues, shares, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **administrative expenses** | The percentage of fees, dues, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **program expenses** | Total dollar amount of health-care costs or services that were incurred by the participant and submitted by or on behalf of the participant for sharing | Total dollar amount of requests for sharing of Colorado participants' health-care costs or services **that qualified for sharing** excluding any amounts that the participants incurring the health-care costs or services must pay before receiving sharing amounts under the member guidelines |
|---|---|---|---|---|---|
| Liberty HealthShare[12] | $9,563,957.00 | - | - | - | - |
| Logos Missions, Inc, dba Christian Mutual Medical Assistance | $199,300.00 | 10.00% | 22.00% | $128,393.20 | $64,905.36 |
| OneShare[13] | $4,275,772.68 | - | - | - | - |
| Samaritan Ministries International[14] | $16,012,373.00 | - | - | - | - |
| Sedera Medical Cost Sharing Community | $5,916,748.45 | First three months: 62%; after that: 12% | 23% | $6,904,090.50 | $5,455,787.61 |
| Sedera, Inc. | $1,523,542.20 | First three months: 62%; after that: 12% | 23% | $1,053,231.50 | $803,148.60 |
| Share HealthCare | $54,297.00 | 33.6% - 38.4% | 62.2% - 66.4% | $778.85 | $266.00 |
| Solidarity | $825,220.00 | 8% | 32% | $3,033,948.59 | $547,717.95 |

[12] Data from these HCSAs were excluded from the financial analysis presented in this report due to inconsistencies or missing data. Where data were missing from a submission " - " is used.
[13] Ibid
[14] Ibid

14

| Organization | Total amount of fees, dues, shares, contributions, or other payments collected from individuals, Colorado employer groups, or others who participated in the product | The percentage of fees, dues, shares, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **administrative expenses** | The percentage of fees, dues, contributions, or other payments from Colorado participants in this product retained by the plan or arrangement for **program expenses** | Total dollar amount of health-care costs or services that were incurred by the participant and submitted by or on behalf of the participant for sharing | Total dollar amount of requests for sharing of Colorado participants' health-care costs or services **that qualified for sharing** excluding any amounts that the participants incurring the health-care costs or services must pay before receiving sharing amounts under the member guidelines |
|---|---|---|---|---|---|
| Unite Health Share Ministries[15] | Redacted | Redacted | Redacted | Redacted | Redacted |
| Universal Health Fellowship | $1,652,026.00 | 36% - 50% | 34% - 60% | $2,012,926.35 | $167,719.53 |
| Zion HealthShare | $4,989,513.17 | 13.40% | 3.20% | $24,913,494.41 | $5,137,373.18 |

[15] Unite Health Share Ministries (UHSM) requested that data supplied on tabs 2 and 3 of the reporting template, and therefore what would be displayed on this table, be confidential.

15

Appendix F: 2023 Financial Information Table 2

| Organization | Total dollar amount of payments made to **providers** for Colorado participants' health care costs and services | Total dollar amount of health-care costs or services that were incurred **by the participant** and submitted by or on behalf of the participant for sharing | Total amount of Colorado participants' health-care costs and services submitted in 2023 that qualify for sharing pursuant to the plan/arrangement's criteria but that were not shared or paid by 12/31/2023, excluding any amounts that the participants incurring the health-care costs or services must pay before receiving sharing amounts under the member guidelines[16] | Total number of requests by or on behalf of the Colorado participants' for sharing of healthcare costs or services incurred by the participant |
|---|---|---|---|---|
| Altrua Ministries[17] | - | - | - | - |
| Christian Care Ministry, dba Medi-Share[18] | - | - | - | - |
| Christian Healthcare Ministries | $5,013,145.76 | $16,752,703.49 | $11,573.42 | 17,188 |
| Impact Health Sharing | $148,457.56 | $28,879.97 | $0.00 | 863 |
| Jericho Share | $80,843.46 | $0.00 | $57,226.13 | 1,724 |
| Knew Health | $0.00 | $98,530.56 | $1,570.56 | 71 |
| Liberty HealthShare[19] | - | - | - | - |
| Logos Missions, Inc, dba Christian Mutual Medical Assistance | $8,983,92 | $48,288.89 | $7,632.55 | 262 |

[16] The values reported in this column exclude any amounts that the participants incurring the health-care costs or services must pay before share requests are approved under the plan or arrangement

[17] Data from these HCSAs were excluded from the financial analysis presented in this report due to inconsistencies or missing data. Where data were missing from a submission " - " is used.

[18] Ibid

[19] Ibid

| Organization | Total dollar amount of payments made **to providers** for Colorado participants' health care costs and services | Total dollar amount of health-care costs or services that were incurred **by the participant** and submitted by or on behalf of the participant for sharing | Total amount of Colorado participants' health-care costs and services submitted in 2023 that qualify for sharing pursuant to the plan/arrangement's criteria but that were not shared or paid by 12/31/2023, excluding any amounts that the participants incurring the health-care costs or services must pay before receiving sharing amounts under the member guidelines[16] | Total number of requests by or on behalf of the Colorado participants' for sharing of healthcare costs or services incurred by the participant |
|---|---|---|---|---|
| OneShare[20] | - | - | - | - |
| Samaritan Ministries International[21] | - | - | - | - |
| Sedera Medical Cost Sharing Community | $4,613,502.51 | $842,285.10 | $714,919.60 | 3,374 |
| Sedera, Inc. | $678,527.10 | $124,621.50 | $0.00 | 324 |
| Share HealthCare | $0.00 | $266.00 | $0.00 | 2 |
| Solidarity | $440,173.93 | $107,544.02 | - | 2,806 |
| Unite Health Share Ministries[22] | Redacted | Redacted | Redacted | Redacted |
| Universal Health Fellowship | $150,947.58 | $16,771.95 | $6,850.75 | 1,837 |
| Zion HealthShare | $4,167,983.89 | $969,389.29 | $31.00 | 2,501 |

---

[20] Ibid
[21] Ibid
[22] Unite Health Share Ministries (UHSM) requested that data supplied on tabs 2 and 3 of the reporting template, and therefore what would be displayed on this table, be confidential. Their data is excluded from the financial analysis presented in this report.

17

## Appendix G: 2023 Data on share request denials and appeals

For HCSAs with different percentages reported across their multiple products/programs the high and low range of the reported values are displayed in this table.

Where a HCSA has not supplied data to the Division, " – " is used.

Where a HCSA has indicated that a required data element is not applicable, "N/A" is used.

| Organization | Total number of share requests, for Colorado participants, that were denied (not shared) because they were not eligible for sharing according to the organization's guidelines | Total number of appeals of denied sharing requests for Colorado participants' incurred health-care costs or services | Total number of appeals requests that were later approved for sharing for Colorado participants' incurred health-care costs or services | Percentage of total number of requests denied compared to the total number of Colorado participants share requests submitted | Percentage of total number of requests denied compared to the total number of appeals for sharing that were "denied" (not shared) for Colorado participants |
|---|---|---|---|---|---|
| Altrua Ministries[23] | - | - | - | - | - |
| Christian Care Ministry, dba Medi-Share[24] | - | - | - | - | - |
| Christian Healthcare Ministries | 4,585 | 5 | 1 | 0.27% | 0% |
| Impact Health Sharing | 88 | 0 | 0 | 10.20% | 0% |
| Jericho Share | 47 | 4 | - | 0% – 17.00% | 0% – 33.00% |
| Knew Health | 0 | 0 | 0 | N/A | N/A |
| Liberty HealthShare[25] | - | - | - | - | - |

[23] Data from these HCSAs were excluded from the financial analysis presented in this report due to inconsistencies or missing data. Where data were missing from a submission " – " is used.
[24] Ibid.
[25] Ibid.

| Organization | Total number of share requests, for Colorado participants, that were denied (not shared) because they were not eligible for sharing according to the organization's guidelines | Total number of appeals of denied sharing requests for Colorado participants' incurred health-care costs or services | Total number of appeals requests that were later approved for sharing for Colorado participants' incurred health-care costs or services | Percentage of total number of requests denied compared to the total number of Colorado participants share requests submitted | Percentage of total number of requests denied compared to the total number of appeals for sharing that were "denied" (not shared) for Colorado participants |
|---|---|---|---|---|---|
| Logos Missions, Inc, dba Christian Mutual Medical Assistance | 19 | 0 | 0 | 0% - 8.00% | 0% |
| OneShare[26] | - | - | - | - | - |
| Samaritan Ministries International[27] | - | - | - | - | - |
| Sedera Medical Cost Sharing Community | 271 | 2 | 2 | 7.60% - 8.20% | 0% |
| Sedera, Inc. | 22 | 0 | 0 | 0% - 6.80% | 0% |
| Share HealthCare | 1 | 0 | 0 | 50.00% | 0% |
| Solidarity | 695 | - | - | 24.00% | - |
| Unite Health Share Ministries[28] | Redacted | Redacted | Redacted | Redacted | Redacted |
| Universal Health Fellowship | 307 | 16 | 4 | 16.20% | 5.20% |
| Zion HealthShare | 196 | 23 | 10 | 5.80% - 9.00% | 7.00% - 14.00% |

[26] Data from these HCSAs were excluded from the financial analysis presented in this report due to inconsistencies or missing data. Where data were missing from a submission "-" is used.
[27] Ibid.
[28] UHSM requested that data supplied on tabs 2 and 3 of the reporting template be confidential.

19

Appendix H: Additional 2023 Data from the Health Care Sharing Plan Reporting Template

Where a HCSA has not supplied data to the Division, " – " is used.

Where a HCSA has indicated that a required data element is not applicable, "N/A" is used.

| Organization | The total number of employer groups in Colorado that participated in this product | Number of contracts entered into with health care service providers providing services for Colorado participants for this product | Estimated number of individual plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of households plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of employer groups plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of individual Colorado participants associated with the employers in in 2024 |
|---|---|---|---|---|---|---|
| Altrua Ministries | 0 | - | 264 | 141 | 0 | 0 |
| Christian Care Ministry, dba Medi-Share | 34 | - | 12,951 | 4,934 | - | - |
| Christian Healthcare Ministries | 24 | 13 | 10,382 | 4,806 | 24 | 289 |
| Impact Health Sharing | 0 | 0 | 410 | 18,000 | 0 | 0 |
| Jericho Share | 0 | 1 | 2,750 | 1,801 | - | - |
| Knew Health | 1 | 0 | 375 | 200 | 1 | 2 |
| Liberty HealthShare | 2 | 11 | 1,350 | 2,807 | 3 | 6 |
| Logos Missions, Inc, dba Christian Mutual Medical Assistance | 0 | 0 | 230 | N/A | 0 | 0 |
| OneShare | - | - | 2,116 | 1,098 | 0 | 0 |

| Organization | The total number of employer groups in Colorado that participated in this product | Number of contracts entered into with health care service providers providing services for Colorado participants for this product | Estimated number of individual plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of households plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of employer groups plan/arrangement participants anticipated in Colorado in 2024 | Estimated number of individual Colorado participants associated with the employers in in 2024 |
|---|---|---|---|---|---|---|
| Samaritan Ministries International | 17 | 0 | 11,320 | 3,033 | 15 | 183 |
| Sedera Medical Cost Sharing Community | 345 | 1 | 2,114 | 966 | 66 | 285 |
| Sedera, Inc. | 1 | 1 | 595 | 547 | 1 | 72 |
| Share HealthCare | 0 | 0 | 70 | 35 | 5 | 2 |
| Solidarity | N/A | N/A | 675 | 300 | 0 | 0 |
| Unite Health Share Ministries[29] | Redacted | Redacted | Redacted | Redacted | Redacted | Redacted |
| Universal Health Fellowship | N/A | 0 | 834 | 596 | N/A | N/A |
| Zion HealthShare | 0 | 1 | 5,267 | 2,802 | 0 | 0 |

[29] UHSM requested that data supplied on tabs 2 and 3 of the reporting template be confidential.

21

22

## Appendix I: Number of HCSAs Operating in each State[30]

| State | Number of HCSAs Operating in 2023 | State | Number of HCSAs Operating in 2023 | State | Number of HCSAs Operating in 2023 |
|---|---|---|---|---|---|
| Alabama | 11 | Louisiana | 11 | Ohio | 10 |
| Alaska | 8 | Maine | 10 | Oklahoma | 10 |
| Arizona | 11 | Maryland | 8 | Oregon | 10 |
| Arkansas | 11 | Massachusetts | 9 | Pennsylvania | 8 |
| California | 11 | Michigan | 11 | Rhode Island | 10 |
| Colorado | 11 | Minnesota | 10 | South Carolina | 11 |
| Connecticut | 9 | Mississippi | 11 | South Dakota | 11 |
| Delaware | 11 | Missouri | 10 | Tennessee | 11 |
| Florida | 11 | Montana | 9 | Texas | 11 |
| Georgia | 11 | Nebraska | 11 | Utah | 11 |
| Hawaii | 8 | Nevada | 10 | Vermont | 7 |
| Idaho | 11 | New Hampshire | 10 | Virginia | 11 |
| Illinois | 9 | New Jersey | 10 | Washington | 7 |
| Indiana | 11 | New Mexico | 10 | West Virginia | 10 |
| Iowa | 9 | New York | 9 | Wisconsin | 11 |
| Kansas | 11 | North Carolina | 11 | Wyoming | 11 |
| Kentucky | 10 | North Dakota | 10 | | |

[30] Information from six HCSAs are not included in this table. One HCSA asked for their data submitted on the template to remain confidential and five did not submit these data following regulation 4-10-01. Due to ongoing litigation relating to HCSA entities and regarding the reporting requirements, the Division will not comment on individual HCSA submissions for the 2024 reporting cycle.

# EXHIBIT B



**STATE OF COLORADO**

**Russell - DORA, Leilani <leilani.russell@state.co.us>**

---

## Fwd: 1269 Amendment round up!
1 message

---

**Judy - DORA, Debra <debra.judy@state.co.us>**                    Mon, Aug 1, 2022 at 1:08 PM
To: "Russell - DORA, Leilani" <leilani.russell@state.co.us>

Leilani
See below on the question raised by the dental folks and resulted in the tweaks to other consumer paying arrangements
Debra Judy
Division of Insurance
*she/her/hers*



**COLORADO**
Department of
Regulatory Agencies
Division of Insurance

P 303.894.2066 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
debra.judy@state.co.us | www.dora.colorado.gov/insurance

Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

---

---------- Forwarded message ---------
From: **Isabel Cruz** <icruz@cohealthinitiative.org>
Date: Thu, Apr 21, 2022 at 9:18 AM
Subject: Fwd: 1269 Amendment round up!
To: Debra Judy - DORA <debra.judy@state.co.us>, Diana Protopapa <diana@frontlinepublicaffairs.com>, Bethany Pray <bpray@cclponline.org>, Adam Fox <afox@cohealthinitiative.org>

---------- Forwarded message ---------
From: **Christy Chase** <christy.chase@state.co.us>
Date: Thu, Apr 21, 2022 at 9:09 AM
Subject: Re: 1269 Amendment round up!
To: Isabel Cruz <icruz@cohealthinitiative.org>
Cc: Susan Lontine <susan.lontine.hd1@gmail.com>

Amendments are attached and I will be delivering copies to Rep. Lontine shortly. ***All of these amendments amend the committee report so will have to be moved to the report BEFORE the report is adopted***.

L.021 = changes language about payment or coverage to "reimbursement"
L.022 = My technical cleanups to the committee report, including moving "in this state" to a better location in the sentence in a few instances, fixing the error in the enforcement section, and correcting some grammar errors
L.025 = Adds exception for other consumer plans as determind by the commissioner by rule
L.026 = removes annual report to the GA

DOI_014673

Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Office: 303.866.2008 | Cell: 303.981.4008 | christy.chase@state.co.us

| | |
|---|---|
| From: | "Isabel Cruz" <icruz@cohealthinitiative.org> |
| To: | "Christy Chase" <christy.chase@state.co.us> |
| Date: | 04/20/2022 02:31 PM |
| Subject: | Re: 1269 Amendment round up! |

I think they're concerned about dental charitable care (which I'm not sure falls under it anyway?), so I would say the second option that includes rulemaking authority there. Does that make sense?

I just reached out to Rep. Lontine and she is fine to split them--can we do it in two? Thanks so much!

On Wed, Apr 20, 2022 at 2:15 PM Christy Chase <christy.chase@state.co.us> wrote:
so is the exception to specify "consumer payment plans offered by a provider to a patient or the patient's responsible party" or do you want it to include "(b) Other consumer payment arrangements identified by the Commissioner by rule, including but not limited to consumer payment plans offered directly between a provider and patient (or patient's responsible party)."?

Also - the amendments exceed a page, which means they will need to be delivered to the House desk by 4 pm today. Is that OK with Rep. Lontine? Otherwise, I will need to split the amendments up so. Please let me know ASAP.

Thanks,
Christy

Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Office: 303.866.2008 | Cell: 303.981.4008 | christy.chase@state.co.us
*Note: I am occasionally working remotely and can be reached at the cell number and email listed above. Thanks, and stay safe and well!*

| | |
|---|---|
| From: | "Isabel Cruz" <icruz@cohealthinitiative.org> |
| To: | "Christy Chase" <christy.chase@state.co.us> |
| Date: | 04/20/2022 01:49 PM |
| Subject: | Re: 1269 Amendment round up! |

Thanks Christy! For Item 2, that tweak sounds good to me. For item three, that is a new one, I'm copying the email exchange outlining the concern below--let me know if that helps, happy to talk through it as well. Essentially we have had a few obscure payment arrangements that are not HCSAs coming out of the woodwork with concerns that they'll be caught in the net and are trying to exclude them without defining hcsas in statute.

Doing the potential general assembly reporting amendment separately sounds perfect, Rep.

DOI_014674

Lontine just confirmed that she wants to run it!

Let me know if you need anything else on my end, thanks again :)

Best,
Isabel


Email exchange:
Jumping in here - Isabel, what if we simply left it at  Other consumer payment arrangements
identified by the Commissioner by rule?
Debra Judy
**Division of Insurance**
*she/her/hers*



**COLORADO**
**Department of**
**Regulatory Agencies**
Division of Insurance

P 303.894.2066  |  F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
debra.judy@state.co.us | www.dora.colorado.gov/insurance
🐾 Please consider the environment before printing this email.


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it
is addressed and may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If you are not an intended recipient you are not authorized to
disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have
received this e-mail by mistake and delete this e-mail and any attachments from your system.




On Fri, Apr 15, 2022 at 9:53 AM Harris - DORA, Kate <kate.harris@state.co.us> wrote:
Hi Isabel,

We have some concerns with ii: (ii) Consumer payments made by non-profit, charitable
foundations directly to individual healthcare providers to partially or fully offset individual patient
costs for a specific episode of care.

As we think it could be read to include HCSAs. However, we're okay with the language above that.

Kate

On Thu, Apr 14, 2022 at 11:24 AM Isabel Cruz <icruz@cohealthinitiative.org> wrote:
Let me know what you think about this concern when you get the chance!

---------- Forwarded message ---------
From: **Diana Protopapa** <diana@frontlinepublicaffairs.com>
Date: Thu, Apr 14, 2022 at 6:17 AM
Subject: FW: 1269 Clarifications - Dental Charitable Care
To: Isabel Cruz <icruz@cohealthinitiative.org>, Adam Fox <afox@cohealthinitiative.org>

Hi,
See below. Jennifer brought this up to me last week; I don't believe that's the intent of our bill but take a look and let me know what you think.

Diana

Diana Protopapa
Partner
Frontline Public Affairs
1410 Grant Street, B104
Denver, CO  80203
303-810-3708
Diana@frontlinepublicaffairs.com

**From:** Jennifer Goodrum <jbgoodrum@michaelbeststrategies.com>
**Date:** Wednesday, April 13, 2022 at 5:34 PM
**To:** Diana Protopapa <diana@frontlinepublicaffairs.com>
**Subject:** 1269 Clarifications - Dental Charitable Care

Hi Diana,

Following up on our conversation earlier with some ideas on HB 1269.

As I had shared, the dentists recently asked a question on HB 1269 about whether charitable entities would be considered to offer "a plan or arrangement" to facilitate payment for healthcare services (and fall under the provisions of the bill pursuant to page 2, lines 2-9 of the preamended bill draft). There are a number of charitable organizations (501c3s) that directly pay a provider either in part or in full to provide dental care services in their offices for patient populations that don't often have access to care (including seniors, patients with disabilities, lower income patients, etc.). These type of payments are provided through entities like the Dental Lifeline Network, KIND, Delta Dental Foundation, Project SMILES, etc. I'm not sure if these kinds of payment arrangements exist in medical care or other healthcare segments, but they are certainly common in dental (perhaps due to some of the coverage gaps inherent to the dental insurance plan structures). There's also in-office financing plans (some offered by third parties that might be regulated and some directly by providers) that they wanted to make sure aren't accidentally looped in to the broad reporting provisions under this bill – as long as those payment arrangements are between a regulated provider and an individual patient/responsible party (parent) directly.

The idea the dentists had to address this would be language along the lines of the following:

(5) THIS SECTION DOES NOT APPLY TO:
(a) DIRECT PRIMARY CARE AGREEMENTS AS DEFINED IN ARTICLE 23 OF TITLE 6. or
(b) Other consumer payment arrangements identified by the Commissioner by rule, including but not limited to
(i) Consumer payment plans offered directly between a provider and patient (or patient's responsible party).
(ii) Consumer payments made by non-profit, charitable foundations directly to individual healthcare providers to partially or fully offset individual patient costs for a specific episode of care.

DOI_014676

Trying to be mindful of not creating any loopholes for the health sharing plans you guys are trying to address through this bill, so we are open to other language options that helps better thread that needle – particularly around defining the type of charitable entities that are not included. We contemplated the DOI rules route given that DOI seems to be a trusted partner in this effort and we thought that rules might provide a little flexibility to further define who falls under this section (to either avoid unintentional burden on the 'good guys' and avoid any loopholes for the offenders). But happy to skip the rules approach if you guys prefer to tackle the details in statute. A drafter might be helpful in figuring out how to thread the needle on the specific terminology.

Dentists only goal here is to try to make sure we don't inadvertently limit or discourage charitable entities and flexible payment schedules that help expand access to care by imposing a lot of additional reporting on these entities.

I'd welcome your thoughts on approaches here.

Thanks for being willing to continue this conversation,
Jennifer

## Jennifer B. Goodrum
Principal
Pronouns: She/Her/Hers/Herself
**M** 303.999.6553
jbgoodrum@michaelbeststrategies.com | bio



Michael Best Strategies LLC

On Wed, Apr 20, 2022 at 1:25 PM Christy Chase <christy.chase@state.co.us> wrote:
Hi Isabel,
Thanks for the email and list of the outstanding amendments for 2nd reading.

Item #1 - OK
Item #2 - should we also tweak the language in the introduced bill on page 3, lines 4-5, which require a person that offers a plan or arrangement to facilitate "payment of or to cover" health-care costs or services? I am thinking it should be facilitate "payment or reimbursement of health-care costs". OK?
Item #3 - I don't recall this one - did we discuss it? Please provide more info as I am not sure what this is getting at
Item #4 - I can prepare that as a separate amendment.

So, unless you tell me otherwise, I will combine #1-3, plus the technical amendments I mentioned previously, into a single amendment, which will have to be an amendment to the committee report. Then I will prepare #4 as a separate amendment in case Rep. Lontine wishes to offer it - and this amendment can be offered to the bill, so after the committee report and the amendment to the report are offered and passed.

Please let me know more about #3 so I can include that in the amendment.

Thanks,
Christy

Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Office: 303.866.2008 | Cell: 303.981.4008 | christy.chase@state.co.us

DOI_014677

From:      "Isabel Cruz" <icruz@cohealthinitiative.org>
To:        "Christy Chase" <christy.chase@state.co.us>
Date:      04/19/2022 06:30 PM
Subject:   1269 Amendment round up!


Hi Christy:

Great to check in last week! We just got calendared for approps on Thursday so I wanted to check in about the floor amendment and make sure to aggregate all of the changes we're hoping to make. Here's what I've gathered so far based on our conversations with interested parties the last few days (some of which I mentioned and some of which is new):
1. Lowering the maximum fine from $10k to $5k.
2. Changing "claims" to "requests for reimbursement" throughout the amendment we added in committee as outlined in the attached document.
3. Including the ability for the commissioner to exclude "other consumer payment arrangements" by rule from this section (like we did for direct primary care groups).
4. Rep. Lontine expressed maybe wanting to strike the language that would require the DOI to send the report to the general assembly (essentially, strike lines 11-15 on page 18 of the pre-amended version). I'll verify that she still wants to do that but figured I'd give you a heads up in case!

And then last but not least are some of the technical clean up changes you mentioned regarding some of the committee amendments. Does that sound like a comprehensive list to you?

Thanks so much for your work on this, please let me know if you have any questions or concerns!

Best,
Isabel


--
Isabel Cruz (she, her, hers)
Policy Manager
Colorado Consumer Health Initiative
303 E. 17th Avenue Ste 400
Denver, CO 80203
office: (303) 839-1261
cell: (718) 483-2305
icruz@cohealthinitiative.org

***Need Help with your health insurance or medical bills?*** Call our Consumer Assistance Program at 303-839-1261, or email: help@cohealthinitiative.org

[Redacted Document from Christy Chase (DOI)]

―――――――――――――――――――――――――――――――――

**4 attachments**

　　HB1269_L_025.pdf
　　24K

DOI_014678

**HB1269_L_021.pdf**
25K

**HB1269_L_022.pdf**
26K

**HB1269_L_026.pdf**
32K

DOI_014679

# EXHIBIT C



**STATE OF
COLORADO**

Mortier - DORA, Matt <matt.mortier@state.co.us>

## Re: Health care sharing ministries/"Last Week Tonight"
1 message

**Plymell - DORA, Vincent** <vincent.plymell@state.co.us>                     Thu, Jan 7, 2021 at 1:40 PM
To: "Mortier - DORA, Matt" <matt.mortier@state.co.us>

Thanks for this Matt. Anything come up in SIRCON?

On Wed, Jan 6, 2021 at 10:54 AM Mortier - DORA, Matt <matt.mortier@state.co.us> wrote:
==Alright...talked to staff more...the analyst was mistaken. They got some calls, but no complaints involving COVID and
health sharing.== The complaint they were thinking of was Aleira and involved a cardiac arrest claim.
I'll still run a query through SIRCON to confirm.

Respectfully,

Matt Mortier, MSL

**Director**
**Consumer Services, Life and Health Section**
*he/him/his*

P 303.894.7581 | F 303.894.7455 | C 720.471.1236
1560 Broadway, Suite 850, Denver, CO 80202
matt.mortier@state.co.us | www.dora.colorado.gov/insurance



**COLORADO**
Department of
Regulatory Agencies
Division of Insurance

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and
may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are
not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the
sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from
your system.

On Wed, Jan 6, 2021 at 9:51 AM Harris - DORA, Kate <kate.harris@state.co.us> wrote:
ASAP please. Thanks.

On Wed, Jan 6, 2021 at 9:50 AM Mortier - DORA, Matt <matt.mortier@state.co.us> wrote:
I have asked the team, and so far five analysts haven't received any health sharing complaints related to COVID.
One analyst has gotten two complaints about it and a phone call asking about COVID coverage by her health
share.
I was planning to run a report in SIRCON to see if anything else comes up?
What's the timeline on this?

Respectfully,

Matt Mortier, MSL

**Director**
**Consumer Services, Life and Health Section**
*he/him/his*

P 303.894.7581 | F 303.894.7455 | C 720.471.1236

1560 Broadway, Suite 850, Denver, CO 80202
matt.mortier@state.co.us | www.dora.colorado.gov/insurance



**COLORADO**
Department of
Regulatory Agencies
Division of Insurance

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

On Wed, Jan 6, 2021 at 9:34 AM Harris - DORA, Kate <kate.harris@state.co.us> wrote:
Progress on this?

On Tue, Jan 5, 2021 at 1:16 PM Harris - DORA, Kate <kate.harris@state.co.us> wrote:
See below - thanks

---------- Forwarded message ---------
From: **Harris - DORA, Kate** <kate.harris@state.co.us>
Date: Tue, Jan 5, 2021 at 1:15 PM
Subject: Re: Health care sharing ministries/"Last Week Tonight"
To: Plymell - DORA, Vincent <vincent.plymell@state.co.us>
Cc: Michael Conway - DORA <michael.conway@state.co.us>

I'll ask Matt to pull recent complaints and see if we have anything that meets the criteria. I'd also reach out to CCHI.

On Tue, Jan 5, 2021 at 1:10 PM Plymell - DORA, Vincent <vincent.plymell@state.co.us> wrote:
Kate and Mike - See below. The producer from "Last Week Tonight" says the story on health care sharing ministries is back on for the coming season, but he's looking for any info on consumer experiences with HCSMs and their COVID expenses. Do we have any info on that (I'm thinking that if we do, it may not be much)?

If we don't, do either of you know of any sources for this info - who might be tracking it, such as SHVS/Robert W. Johnson, or maybe even NAIC?

---------- Forwarded message ---------
From: **Charles Wilson** <charles.wilson@lastweektonight.com>
Date: Tue, Jan 5, 2021 at 12:05 PM
Subject: Health care sharing ministries/"Last Week Tonight"
To: Plymell - DORA, Vincent <vincent.plymell@state.co.us>


Vince,


I hope you're well. You had been kind enough to set up a helpful call with you and Mike Conway early last year on healthcare sharing ministries, for "Last Week Tonight." We ended up punting the piece when the pandemic struck, but we would like to finally do it this year.


As I begin to refresh this story, I had a quick question on background, and I didn't know if your office would have any perspective. We wanted to try to get a sense of how the customers of HCSMs have fared during the pandemic. We were particularly interested in patients' experience trying to access care or get bills paid by an HCSM for severe COVID-related expenses. I hadn't seen press coverage reflecting this, and I didn't

know if your office had received any communication from HCSM members that might cast some light, or if you had recommendations for others I might reach out to. I'd also welcome any other updates from your office about HCSMs that you feel might be relevant to us.

I'm reachable at (917) 727-0670 or by this email if you had a brief window in the next couple of days. I appreciate your time, and I hope you're well.

All my best,

Charles Wilson

--

Charles Wilson

Senior News Producer

Last Week Tonight with John Oliver

charles.wilson@lastweektonight.com

(917) 727-0670

---

**From:** Charles Wilson <charles.wilson@lastweektonight.com>
**Date:** Thursday, January 16, 2020 at 12:39 PM
**To:** Plymell - DORA, Vincent <vincent.plymell@state.co.us>
**Subject:** Re: Health care sharing ministries/"Last Week Tonight"

Vince,

I'm very grateful to you and Mike, and the call was very helpful. Thank you for this, below. I'll aim to be back in touch soon again; with gratitude,

Charles

--

Charles Wilson

Senior News Producer

Last Week Tonight with John Oliver

charles.wilson@lastweektonight.com

(212) 975-8186

**From:** "Plymell - DORA, Vincent" <vincent.plymell@state.co.us>
**Date:** Thursday, January 16, 2020 at 12:33 PM
**To:** Charles Wilson <charles.wilson@lastweektonight.com>
**Subject:** Re: Health care sharing ministries/"Last Week Tonight"

Charles - Thanks again for contacting us and talking to Mike about HCSMs. Here is the info I promised.

HB20-1008  - Health Care Cost-sharing Consumer Protections - This is the bill Mike referred to. It was introduced in the Colorado House last week so will be working its way through the legislature this session. Scroll to the bottom to see its status and the latest text of the bill as the session progresses.

Aliera Healthcare Cease & Desist - from Aug. 2019

Trinity Healthshare Cease & Desist - from Aug. 2019

We also put out a consumer advisory at the time we issued the C&Ds.

As we said, feel free to contact us with any follow-ups.

Vince

Vincent Plymell
Assistant Commissioner

Image removed by sender.
P 303.894.2261 | C 303.910.9614 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
vincent.plymell@state.co.us | dora.colorado.gov/insurance

Image removed by sender.   Image removed by sender.   Image removed by sender.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

On Tue, Jan 14, 2020 at 10:39 AM Charles Wilson <charles.wilson@lastweektonight.com> wrote:

You can put it, verbatim, in the calendar that way …. I'll look forward.


All my best,


Charles

---

**From:** "Plymell - DORA, Vincent" <vincent.plymell@state.co.us>
**Date:** Tuesday, January 14, 2020 at 12:38 PM
**To:** Charles Wilson <charles.wilson@lastweektonight.com>
**Subject:** Re: Health care sharing ministries/"Last Week Tonight"


Let's make it 8:15 MST / 10:15 EST. We'll call you on that number.


Looking forward to talking to Johnny O's Sad-Tastical Circus of Misery and Math on Thursday, 1/16.


Vince

**Vincent Plymell**
**Assistant Commissioner**
Error! Filename not specified.
P 303.894.2261 | C 303.910.9614 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
vincent.plymell@state.co.us | dora.colorado.gov/insurance

Error! Filename not specified.  Error! Filename not specified.  Error! Filename not specified.


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.


On Mon, Jan 13, 2020 at 4:33 PM Charles Wilson <charles.wilson@lastweektonight.com> wrote:

I could do Thursday at 8 a.m. MST; thank you so much. I'll be reachable at (212) 975-8186 or glad to call you,


My best,


Charles

**From:** "Plymell - DORA, Vincent" <vincent.plymell@state.co.us>
**Date:** Monday, January 13, 2020 at 6:25 PM
**To:** Charles Wilson <charles.wilson@lastweektonight.com>
**Subject:** Re: Health care sharing ministries/"Last Week Tonight"

Charles - Here a couple of times in the coming weeks that could work for Mike to talk to you about health care sharing ministries. Let me know which can fit your schedule.

Thursday, 1/16 at 8 a.m. MST

Wednesday, 1/22 - morning

Wednesday, 1/29 - morning or afternoon

Thursday, 1/30 - morning

Vince

**Vincent Plymell**
**Assistant Commissioner**

Error! Filename not specified.
P 303.894.2261 | C 303.910.9614 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
vincent.plymell@state.co.us | dora.colorado.gov/insurance

Error! Filename not specified.   Error! Filename not specified.   Error! Filename not specified.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

On Thu, Jan 9, 2020 at 2:48 PM Charles Wilson <charles.wilson@lastweektonight.com> wrote:

Jason,

Thank you very much for connecting us.

Mike and Vince, I'd be very happy to talk to you off-the-record/on background. I'll be here for the next hour this evening or glad to set up a time tomorrow if you have a brief window.

My best,

Charles

--

Charles Wilson

Senior News Producer

Last Week Tonight with John Oliver

charles.wilson@lastweektonight.com

(212) 975-8186

**From:** Jason Levitis <jason.levitis@gmail.com>
**Date:** Thursday, January 9, 2020 at 4:41 PM
**To:** "Conway - DORA, Michael" <michael.conway@state.co.us>, Charles Wilson
<charles.wilson@lastweektonight.com>
**Cc:** "Plymell - DORA, Vincent" <vincent.plymell@state.co.us>
**Subject:** Re: Health care sharing ministries/"Last Week Tonight"

Excellent.  Looping Charles here.

Best,

Jason

On Thu, Jan 9, 2020 at 4:37 PM Conway - DORA, Michael <michael.conway@state.co.us> wrote:

Sure. I copied Vince my PIO in.

On Thu, Jan 9, 2020 at 2:27 PM Jason Levitis <jason.levitis@gmail.com> wrote:

Hi Mike.  I hope all is well.  The John Oliver show ("Last Week Tonight") is considering doing a
story on health care sharing ministries, focusing on the risks to consumers.  I just spoke to the
producer, Charles Wilson, on background.  He's interested in speaking with smart folks who've
worked on them.  Are you interested in speaking with him on background?  If so I can connect
you.

Thank you.

Best,

Jason

--------- Forwarded message ---------
From: **Charles Wilson** <charles.wilson@lastweektonight.com>
Date: Thu, Jan 9, 2020 at 10:55 AM
Subject: Health care sharing ministries/"Last Week Tonight"
To: jason.levitis@gmail.com <jason.levitis@gmail.com>

Mr. Levitis,

I am a senior news producer at "Last Week Tonight with John Oliver," a comedy news show on HBO.

Karen Pollitz at KFF said kind things of you and I wondered if I might speak to you by phone briefly **just on background**. We are working on a potential piece about healthcare sharing ministries; I wanted in particular to better understand the carveout these were granted in the Affordable Care Act. It's my understanding that the carve-out for them applies only to ministries founded before January 2000, but I have seen many of these HCSMs that seem to be more recent … I wanted to understand how they were exempt from requirements of ACA even if they were founded more recently. (More broadly, we're trying to get a sense of how low the barrier to entry to start one of these HCSMs is.)

If you had a brief window today, I'd be most grateful. I'm reachable at (212) 975-8186, or I'd be glad to call you at a convenient time; I'm also glad to try to answer any questions you may have of me. I have a call from about 11:30 to noon but should otherwise be here. I appreciate your time and hope you're well.

My best,

Charles Wilson

Charles Wilson
Senior News Producer
Last Week Tonight with John Oliver
charles.wilson@lastweektonight.com
(212) 975-8186

--
Jason Levitis
203-671-2609
jason.levitis@gmail.com

--

**Michael Conway**

**Commissioner of Insurance**


P 303.894.7480 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
michael.conway@state.co.us | www.dora.colorado.gov/insurance

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom
it is addressed and may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If you are not an intended recipient you are not authorized to
disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have
received this e-mail by mistake and delete this e-mail and any attachments from your system.

--

**Jason Levitis**
**203-671-2609**
jason.levitis@gmail.com

--
**Kate Harris**
**Chief Deputy Commissioner**
**Life & Health Policy**
*she/her/hers*

**COLORADO**
**Department of**
**Regulatory Agencies**
Division of Insurance

P 303.894.2949 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
kate.harris@state.co.us | www.dora.colorado.gov/insurance

🖨 Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is
addressed and may contain information that is privileged, confidential and exempt from disclosure under
applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or
copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and
delete this e-mail and any attachments from your system.

--
**Kate Harris**
**Chief Deputy Commissioner**
**Life & Health Policy**
*she/her/hers*



P 303.894.2949 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
kate.harris@state.co.us | www.dora.colorado.gov/insurance

🖶 Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is
addressed and may contain information that is privileged, confidential and exempt from disclosure under
applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or
copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and
delete this e-mail and any attachments from your system.

--
Kate Harris
Chief Deputy Commissioner
Life & Health Policy
she/her/hers



P 303.894.2949 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
kate.harris@state.co.us | www.dora.colorado.gov/insurance

🖶 Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed
and may contain information that is privileged, confidential and exempt from disclosure under applicable law.
If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail.
Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and
any attachments from your system.

--
Kate Harris
Chief Deputy Commissioner
Life & Health Policy
she/her/hers



P 303.894.2949 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
kate.harris@state.co.us | www.dora.colorado.gov/insurance

🖨 Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

# EXHIBIT D



**STATE OF COLORADO**

Mortier - DORA, Matt <matt.mortier@state.co.us>

## Fwd: Redrafted bill on pooling arrangements

1 message

**Conway - DORA, Michael** <michael.conway@state.co.us>    Tue, Mar 26, 2019 at 8:40 AM
To: Peg Brown - DORA <peg.brown@state.co.us>, Matt Mortier - DORA <matt.mortier@state.co.us>, "Plymell - DORA, Vincent" <vincent.plymell@state.co.us>, Dayle Axman - DORA <dayle.axman@state.co.us>, Adam Boggess - DORA <adam.boggess@state.co.us>
Cc: Jefferey Riester - GovOffice <jefferey.riester@state.co.us>, Ashley Young - DORA <ashley.young@state.co.us>

I've signed off on this going to bill paper. I'm going to need help building the case for the disclosure requirements either through our consumer complaints and/or through stories in the press. Dayle, please talk to Vince regarding consumers being mislead or confused about the terms of a sharing ministry. If anyone has any other thoughts about ways to support the disclosure requirement please talk with me. Thank you.

Michael Conway
Commissioner of Insurance



COLORADO
Department of
Regulatory Agencies
Division of Insurance

P 303.894.7480 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
michael.conway@state.co.us | www.dora.colorado.gov/insurance

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

--------- Forwarded message ---------
From: **Christy Chase** <christy.chase@state.co.us>
Date: Tue, Mar 26, 2019 at 8:26 AM
Subject: Re: Redrafted bill on pooling arrangements
To: Conway - DORA, Michael <michael.conway@state.co.us>
Cc: Debra Judy <djudy@cohealthinitiative.org>, Susan Lontine <susan.lontine.hd1@gmail.com>

Thanks for getting back to us.
Attached is an edited and revised version of the draft I sent yesterday, which now includes the 1/1/20 date for the disclosure requirement. Please review and let me know if we are ready for bill paper.

Also, Rep. Lontine - are you planning to get a Senate sponsor before introduction? If so, please have your Senate sponsor contact me today to verify sponsorship.

Thanks,

_____
Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Direct: 303.866.2008 | christy.chase@state.co.us

From:    "Conway - DORA, Michael" <michael.conway@state.co.us>

To:      Debra Judy <djudy@cohealthinitiative.org>
Cc:      Christy Chase <christy.chase@state.co.us>, Susan Lontine <susan.lontine.hd1@gmail.com>
Date:    03/26/2019 07:56 AM
Subject:  Re: Redrafted bill on pooling arrangements

Sorry all - it was a crazy day yesterday and then I was in a meeting with the medical society until late last night.

We can make the 1/1/20 date work for the disclosures. We will likely have to use emergency authority initially for the rules and then take them through the normal rule-making process. We will have stakeholder engagement in the emergency process as well.

Michael Conway
Commissioner of Insurance

P 303.894.7480 | F 303.894.7455
1560 Broadway, Suite 850, Denver, CO 80202
michael.conway@state.co.us | www.dora.colorado.gov/insurance

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

On Mon, Mar 25, 2019 at 5:28 PM <djudy@cohealthinitiative.org> wrote:
I like the 1/1/20 deadline if that works for Mike

Sent from my iPhone

On Mar 25, 2019, at 3:08 PM, Christy Chase <christy.chase@state.co.us> wrote:

Mike will have to respond re: whether the DOI would have sufficient time to adopt rules if the bill takes effect in early August.

_____
Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Direct: 303.866.2008 | christy.chase@state.co.us

From:    Susan Lontine <susan.lontine.hd1@gmail.com>
To:      Christy Chase <christy.chase@state.co.us>
Cc:      Michael Conway - DORA <michael.conway@state.co.us>, Debra Judy <djudy@cohealthinitiative.org>
Date:    03/25/2019 03:05 PM
Subject:  Re: Redrafted bill on pooling arrangements

Would it be appropriate to require disclosures to be required Jan. 1, 2020. Gives a little breathing

room for any rules that need to promulgated and if we do end up putting in a petition clause, it shouldn't affect it either way.

Susan Lontine
Representative
Colorado House District 1
303-866-2966 Office
State Capitol Building, Rm 332

On Mar 25, 2019, at 2:08 PM, Christy Chase <christy.chase@state.co.us> wrote:

Only other question is whether to include a safety clause. Rep. Lontine has to approve that but she'd probably like to hear your thoughts on whether a safety clause is necessary so that the bill can take effect upon passage. And that actually triggers another question - should the disclosure section take effect at a later time to enable rulemaking and allow time for these entities to develop the required disclosures? The reporting requirement starts on March 1. Should the disclosures start on that same date? Or some other date?

Thanks,
Christy

_____

Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Direct: 303.866.2008 | christy.chase@state.co.us

From:     Michael Conway - DORA <michael.conway@state.co.us>
To:       Christy Chase <christy.chase@state.co.us>
Cc:       Debra Judy <djudy@cohealthinitiative.org>, Susan Lontine <susan.lontine.hd1@gmail.com>
Date:     03/25/2019 02:03 PM
Subject:  Re: Redrafted bill on pooling arrangements

I'm reviewing on my phone between meetings. I like the language on the defray, share, cover piece. And I like the language on the penalties. Did I miss any other questions?

Sent from my iPhone

On Mar 25, 2019, at 1:48 PM, Christy Chase <christy.chase@state.co.us> wrote:

Attached is a redraft that incorporates your suggested revisions, I also have a few more drafting questions. ?If possible, please get final feedback and revisions to me by the end of the day.

Thanks,
Christy

_____

Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Direct: 303.866.2008 | christy.chase@state.co.us

From:      Debra Judy <djudy@cohealthinitiative.org>
To:        "Conway - DORA, Michael" <michael.conway@state.co.us>
Cc:        Susan Lontine <susan.lontine.hd1@gmail.com>, Christy Chase <christy.chase@state.co.us>
Date:      03/25/2019 09:29 AM
Subject:   Re: Redrafted bill on pooling arrangements

Good morning,

I am sending along some final thoughts on the draft.

First, instead of "health care cost pooling arrangements," we have decided to use the term "health care cost sharing arrangements" instead.  However, I would like to see if there is a way to make sure that the definition in (b) (p. 2, lines 10-15) encompass those arrangements that also pool funds.  Christy, would one way to do it be to add "or pool" after "contribute" on line 12? Or alternatively, have a new (c) that specifically refers to "pooling" or (i) and (ii) under (b) that would include non-pooling and pooling? I just want to be sure we capture both the arrangements that pool and those that do not but maybe the latter options are overkill.

Also, the Commissioner suggested using the term "cover" instead of or in addition to "defray" (on line 14, p.2) and "may be" instead of "are".  That makes sense to me.  Finally, in the definition, we refer to the "community or other arrangement" - I wonder if we should add the word "entity"?

Second, it was not intentional on my part to not have enforcement authority related to the reporting requirement.  We could either reference 10-3-109(3) here or borrow and modify that language as an enforcement provision in this new section 10-3-903.7.  I lean toward the latter, but will defer to others.  If we do that, here is my proposal:

If ~~any entity regulated by the division of insurance~~ a health care cost sharing arrangement subject to 10-3-903.7 fails to file ~~any other document required by law or rules and regulations to be filed with the division of insurance or fails to maintain complaint records as required by law~~ the information required by subsection (2), the commissioner may assess a penalty not to exceed five hundred dollars for an initial violation and a penalty not to exceed five thousand dollars for any subsequent failure to comply with any such filing requirement ~~or requirement to maintain records. The commissioner, by rule and regulation, may establish a schedule for the assessment of penalties as authorized in this subsection (3) based upon the frequency and severity of noncompliance.~~ (thinking the last sentence not needed and the concept can be incorporated into the rule-making section (5).

Other suggested changes:

p. 3, line 9: change "entities" to "third parties" - I want to be sure we encompass brokers, and entities may not do that?
p. 3, line 27: add after "by": "or on behalf of"
p. 4, line 24: should the word by "prominently" instead of "conspicuously"?

on p. 5, after (IV) can we add a new (V) along the following lines? The point is to allow, during the rule making process, the Commissioner to determine if there is anything else that should be included in a notice/disclosure.
"Any other disclosures that is required by the Commissioner pursuant to rule-making in subsection (5)."

on p.4, line 10, add a  new (IV)
"the number of retroactive membership denials and the number of appeals or grievances"
Commissioner, your thoughts on that?

Deb

DOI_000824

On Sun, Mar 24, 2019 at 2:18 PM Conway - DORA, Michael <michael.conway@state.co.us>
wrote:
Hi all,

As usual, very nice work Christy. Just a couple small things for you all to ponder.

Regarding the definition - I'm struggling with the "...defray the medical costs..." language. In
particular the use of defray. What do you all think about "cover" instead of "defray" or maybe both?

Also, staying in the definition, instead of saying that member funds <u>are</u> (page 2, line 13) used to
defray or cover the medical costs of other members, I think we should say that they "may be" used
to defray or cover the medical costs of members. That will hopefully get us around an argument
that since there's no guarantee of payment the member funds are not necessarily used to cover
other members medical costs and the entities fall outside of the definition.

There's no enforcement authority for one of these entities failing to file the required information
from sub-section 2 with us - that may have been intentional but I worry that without some type of
enforcement authority these entities will ignore the reporting requirement.

Michael Conway
Commissioner of Insurance


P 303.894.7480 | F <u>303.894.7455</u>
1560 Broadway, Suite 850, Denver, CO 80202
<u>michael.conway@state.co.us</u> | <u>www.dora.colorado.gov/insurance</u>


CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it
is addressed and may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If you are not an intended recipient you are not authorized to
disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have
received this e-mail by mistake and delete this e-mail and any attachments from your system.


On Thu, Mar 21, 2019 at 3:23 PM Conway - DORA, Michael <michael.conway@state.co.us>
wrote:
This is on my to do list for this weekend. And thank you very much Christy.

Michael Conway
Commissioner of Insurance


P 303.894.7480 | F <u>303.894.7455</u>
1560 Broadway, Suite 850, Denver, CO 80202
<u>michael.conway@state.co.us</u> | <u>www.dora.colorado.gov/insurance</u>

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient you are not authorized to disseminate, distribute or copy this e-mail. Please notify the sender immediately if you have received this e-mail by mistake and delete this e-mail and any attachments from your system.

On Thu, Mar 21, 2019 at 2:09 PM Susan Lontine <susan.lontine.hd1@gmail.com> wrote:
Thanks Christy

Susan Lontine
Representative
Colorado House District 1
303-866-2966 Office
State Capitol Building, Rm 332

On Mar 21, 2019, at 2:07 PM, Christy Chase <christy.chase@state.co.us> wrote:

Rep. Lontine,
I met with Deb yesterday to discuss some revisions to your bill, which revisions are incorporated in the attached redraft. She is contemplating changing the terminology a bit, which is why the word "pooling" is highlighted in several places. The introduction deadline for this bill is **Wednesday, March 27**, so I need all **final changes by COB Monday, March 25.**


Thanks,
_____
Christy Chase, Assistant Director & Team Leader
Office of Legislative Legal Services | Colorado General Assembly
Direct: 303.866.2008 | christy.chase@state.co.us
<19-1016_01.pdf>


--

Debra Judy
she/her/hers
Policy Director
Colorado Consumer Health Initiative
phone: 303-839-1261
djudy@cohealthinitiative.org

Follow us on Twitter and Facebook

***Need Help with your health insurance or medical bills?***  Call our new Consumer Assistance Program at 303-839-1261, or email: help@cohealthinitiative.org

<19-1016_01.pdf>

📄 **19-1016_01.pdf**
119K