IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01386-GPG-STV

ALLIANCE OF HEALTH CARE SHARING MINISTRIES,

      Plaintiff,

v.

MICHAEL CONWAY, in his official capacity as
Commissioner of the Colorado Division of
Insurance,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns C.R.S. § 10-16-107.4, and its implementing regulation, Regulation 4-10-01, that, among other things, require Health Care Sharing Plans or Arrangements to report certain information to the Commissioner of the Colorado Division of Insurance. Plaintiff alleges this statute and regulation violate its members' rights under the First Amendment of the United States Constitution.

The parties anticipate one or more parties might need to disclose, in the course

of litigation, documents that contain confidential information. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp

2

identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. For the avoidance of doubt, "Confidential" Information shall include all confidential, non-public materials containing information regarding, but not limited to, any non-redacted proprietary business information (in accord with Emergency Regulation 22-E-20(5)(b) and Regulation 4-10-01(5)(b)), protected health information, personally identifiable information, and/or information subject to the confidentiality provisions in subsection 10-1-103(5), C.R.S.

5. The parties shall have the right to further designate Confidential Information as "Attorneys' Eyes Only" Information, which includes highly-sensitive information, including information subject to the confidentiality provisions in subsection 10-1-103(5), C.R.S., including but not limited to information regarding investigations and strategic analyses. Access to Attorneys' Eyes Only Information shall be limited to persons designated in Paragraphs 8(a), 8(b), 8(d), 8(e), 8(g) and 8(h), below.

6. In the event documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall not lose their confidential status as between the parties through such use.  However, such documents and materials will not be accepted as restricted filings or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to restrict the documents. Any party seeking to file such materials with the court must first file a motion requesting restricted access to the documents (if it is the party seeking to restrict access to the documents) or give seven days' notice to the party seeking to restrict the documents to file such

3

motion. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2

and demonstrate that the confidential information at issue is entitled to protection under

the standards articulated in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598-

602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and

*Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)). Before seeking

to maintain the protection of documents filed with the Court, a party must assess

whether redaction is a viable alternative to complete nondisclosure.

7. For testimony given in deposition or pretrial or trial proceedings in this case,

within 30 days after the receipt of the final transcript of the deposition or pretrial or trial

proceeding, any party or witness in this case may designate as "Confidential" or

"Attorneys' Eyes Only" any portion of the transcript that the party or witness contends

discloses confidential information. If a transcript containing any such material is filed

with the Court, it shall be filed in accord with paragraph 6 and marked in the manner

described in paragraph 3. Unless otherwise agreed, all transcripts shall be treated as

"Confidential" until the expiration of the 30-day period.

8. Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to

the following persons, who agree to be bound by the terms of this Protective Order,

unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of

outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house

counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(a), 8(b), 8(d), 8(e), 8(g) and 8(h), unless additional persons are stipulated by counsel or authorized by the Court.

10. Prior to being shown any documents produced by another party marked

"Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 8(c) or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

11. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition or pre-trial or trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

12. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable

substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

14. Non-parties producing documents or providing testimony in the course of this case may also designate discovery material as "Confidential" or "Attorneys Eyes Only" subject to the same protections and constraints as the parties to the case. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All discovery material produced by such non-parties shall be treated as "Confidential" or "Attorneys' Eyes Only" for 10 business days from the date of their production, and during that period any party may designate such discovery material

7

pursuant to the terms of the Protective Order.

15. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information are required to destroy and delete all information or documents marked "Confidential" or "Attorneys' Eyes only."

16. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated, this 10th day of February, 2025:

8

| | |
|---|---|
| ***/s/  Michael F. Murray*** | ***/s/   Reed W. Morgan*** |
| Michael F. Murray | Reed William Morgan |
| Paul Hastings LLP | Daniel E. Rheiner |
| 2050 M Street, NW | Phillip Khalife |
| Washington, D.C. 20036 | Colorado Department of Law |
| (202) 551-1730 | Ralph L. Carr Colorado Judicial Center |
| michaelmurray@paulhastings.com | 1300 Broadway, 8th Floor |
| | Denver, Colorado 80203 |
| William E. Mahoney | 720-508-6335 (Morgan) |
| Paul Hastings LLP | 720-508-6570 (Rheiner) |
| 600 Travis Street | 720-508-6388 (Khalife) |
| Fifty-Eighth Floor | Reed.Morgan@coag.gov |
| Houston, Texas 77002 | Danny.Rheiner@coag.gov |
| (713) 860-7304 | Phillip.Khalife@coag.gov |
| williammahoney@paulhastings.com | **Counsel for Defendant Michael** |
| **Counsel for Plaintiff Alliance of Health** | **Conway,** ***in his official capacity as*** |
| **Care Sharing Ministries** | ***Commissioner of Insurance*** |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge

## EXHIBIT A

I, _____, have been advised by counsel of record for
_____ in *Alliance of Health Care Sharing Ministries v. Michael Conway, in his official capacity as Commissioner of the Colorado Division of Insurance,* Civil Action No. 1:24-cv-01386-GPG-STV, of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.


_____
Signed


_____
Date