# EXHIBIT J

Case No. 1:24-cv-01386-GPG-STV    Document 70-10    filed 05/16/25    USDC Colorado
pg 2 of 3

10/14/24, 10:12 AM    State.co.us Executive Branch Mail - Response to Healthcare Sharing Plan Inquiry to CrowdHealth, Inc.



STATE OF COLORADO

Bencic - DORA, Sara <sara.bencic@state.co.us>

## Response to Healthcare Sharing Plan Inquiry to CrowdHealth, Inc.
1 message

**Todd Padnos** <TPadnos@sheppardmullin.com>    Thu, Jan 19, 2023 at 4:14 PM
To: "sara.bencic@state.co.us" <sara.bencic@state.co.us>
Cc: Andy Schoonover <andy@joincrowdhealth.com>, "leilani.russell@state.co.us" <leilani.russell@state.co.us>, "kate.harris@state.co.us" <kate.harris@state.co.us>, "Phillip.Khalife@coag.gov" <Phillip.Khalife@coag.gov>, "Evan.Spencer@coag.gov" <Evan.Spencer@coag.gov>

Good Afternoon Ms. Bencic –

On behalf of CrowdHealth, Inc., I write in response to your email dated January 11, 2023 to CrowdHealth's Andy Schoonover: (i) asserting that the Colorado Division of Insurance ("Division") has not received CrowdHealth's data submission per CRS § 10-16-107.4 and Emergency Regulation 22-E-20 for calendar year 2021, and (ii) asking for CrowdHealth's position as to whether it is subject to such statute.

CrowdHealth maintains that it is not subject to such statute. Subdivision (5)(b) of § 10-16-107.4 provides that such statute does not apply to "consumer payment arrangements identified by the commissioner by rule" and section 4(G) of the Emergency Regulation excludes from the definition of a health care sharing plan or arrangement "crowdfunded sources for the purposes of paying for and/or reimbursement of health care services" (the "Crowdfunding Exception"). CrowdHealth falls directly within the Crowdfunding Exclusion; as such CrowdHealth is not a "health care sharing plan" or a "health care sharing arrangement" subject to the reporting obligations.

In support thereof, CrowdHealth is a crowdfunding platform. It operates in a similar fashion to GoFundMe, which like CrowdHealth, advertises itself as a "community-powered fundraising platform." CrowdHealth members voluntarily agree to fund crowdfunding requests from other members. No member has been removed from the platform for declining to fund a request. Additionally, for bills that are funded, CrowdHealth neither pays, nor is in the money flow for, these bills.

Further, CrowdHealth is nothing like the healthcare cost sharing ministries that were the target of § 10-16-107.4. In contrast to the healthcare cost sharing ministries: (i) CrowdHealth clearly communicates to its members that they, and they alone, are ultimately responsible for their own medical bills, (ii) CrowdHealth's members affirmatively acknowledge that they fully understand that they are not purchasing health insurance from CrowdHealth or otherwise obtaining any guaranty of payment for their healthcare bills, and (iii) unlike the healthcare bills of members of some healthcare cost-sharing ministries that have gone unpaid (which appears to have been the impetus for the passage of § 10-16-107.4), every bill that a Colorado resident has submitted to the CrowdHealth community for funding has been successfully crowdfunded in full.

I trust that this fully addresses your inquiry. But should you have any questions regarding the foregoing, please feel free to contact me. Thank you for your consideration.

Regards,

Todd

Todd L. Padnos | Partner
+1 415-774-2938 | direct
TPadnos@sheppardmullin.com | Bio

Case No. 1:24-cv-01386-GPG-STV    Document 70-10    filed 05/16/25    USDC Colorado
pg 3 of 3

10/14/24, 10:12 AM State.co.us Executive Branch Mail - Response to Healthcare Sharing Plan Inquiry to CrowdHealth, Inc.

**SheppardMullin**

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.